# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| BEEQB, LLC, a Florida corporation,<br><br>   Plaintiff,<br><br>v.<br><br>BLOCKQUARRY CORP. f/k/a ISW HOLDINGS, INC., a Nevada Corporation, and PANTHEON RESOURCES, INC.,<br><br>   Defendants. | Case No. 7:24-cv-03179-TMC<br><br>**DEFENDANT PANTHEON RESOURCES, INC.'S RESPONSE TO COMPLAINT** |

NOW COMES Defendant Pantheon Resources, Inc. ("Pantheon"), by and through the undersigned counsel, and responding to Plaintiff's Complaint says as follows:

## GENERAL DENIAL

Defendant Pantheon denies each and every allegation contained in Plaintiff's Complaint unless specifically admitted, qualified, or explained herein, and demands strict proof thereof:

## NATURE OF ACTION

1. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and, as such, the allegations are denied.

2. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint and, as such, the allegations are denied.

3. Defendant Pantheon denies the allegations in paragraph 3 of the Complaint as they pertain to this responding Defendant.

4. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint and, as such, the allegations are denied.

5. Upon information and belief, Defendant Pantheon admits the allegations in paragraph 5 of the Complaint.

6. Upon information and belief, Defendant Pantheon admits the allegations in paragraph 6 of the Complaint.

7. Defendant Pantheon admits that it engages in business relating to data processing centers. Except as expressly admitted herein, the allegations in paragraph 7 of the Complaint are denied.

8. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint and, as such, the allegations are denied.

9. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint and, as such, the allegations are denied.

## PARTIES, JURISDICTION AND VENUE

10. Upon information and belief, Defendant Pantheon admits the allegations in paragraph 10 of the Complaint.

11. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint and, as such, the allegations are denied.

12. Defendant Pantheon admits that it is an active Delaware corporation. Except as expressly admitted herein, the allegations in paragraph 12 of the Complaint are denied.

13. The allegations in paragraph 13 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

14. The allegations in paragraph 14 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

15. The allegations in paragraph 15 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

## LOCATION OF THE PROPERTY

16. To the extent the allegations in paragraph 16 are directed at Defendant Pantheon, Pantheon denies any liability for any damages claimed by Plaintiff.

## DESCRIPTION AND VALUE OF THE PROPERTY

17. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint and, as such, the allegations are denied.

## FACTS

I. **BEEQB'S BUSINESS**

18. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint and, as such, the allegations are denied.

19. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint and, as such, the allegations are denied.

II. **BEEQB'S HOSTING AND PURCHASE AGREEMENTS WITH UPTIME HOSTING**

20. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint and, as such, the allegations are denied.

21. The allegations in paragraph 21 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

22. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint and, as such, the allegations are denied.

23. The allegations in paragraph 23 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

24. The allegations in paragraph 24 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

25. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint and, as such, the allegations are denied.

26. The allegations in paragraph 26 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

27. The allegations in paragraph 27 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

28. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Complaint and, as such, the allegations are denied.

29. The allegations in paragraph 29 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

30. The allegations in paragraph 30 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

**III.    BLOCKQUARRY UNLAWFULLY TAKES BEEQB'S EQUIPMENT AND REFUSES TO RETURN IT**

31. The allegations in paragraph 31 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

32. The allegations in paragraph 32 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

33. The allegations in paragraph 33 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

34. The allegations in paragraph 34 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

35. The allegations in paragraph 35 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

36. The allegations in paragraph 36 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

37. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37 of the Complaint and, as such, the allegations are denied.

38. The allegations in paragraph 38 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

39. The allegations in paragraph 39 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

40. The allegations in paragraph 40 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

41. The allegations in paragraph 41 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

42. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 of the Complaint and, as such, the allegations are denied.

43. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Complaint and, as such, the allegations are denied.

44. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 of the Complaint and, as such, the allegations are denied.

45. The allegations in paragraph 45 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

46. The allegations in paragraph 46 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

47. Defendant Pantheon denies the allegations in paragraph 47 of the Complaint.

48. The allegations in paragraph 48 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

49. Defendant Pantheon denies the allegations in paragraph 49 to the extent they are directed at Defendant Pantheon.

50. Defendant Pantheon denies the allegations in paragraph 50 to the extent they are directed at Defendant Pantheon.

51. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 51 of the Complaint and, as such, the allegations are denied.

52. The allegations in paragraph 52 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

53. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 of the Complaint and, as such, the allegations are denied.

54. The allegations in paragraph 54 of the Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

55. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 of the Complaint and, as such, the allegations are denied.

56. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 of the Complaint and, as such, the allegations are denied.

57. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 of the Complaint and, as such, the allegations are denied.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59 of the Complaint and, as such, the allegations are denied.

**COUNT I**
**Negligence and Gross Negligence of Bailee: As to Defendant Blockquarry**

60. The responses contained above are re-asserted as if set forth fully herein.

61. The allegations in paragraph 61 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

62. The allegations in paragraph 62 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

63. The allegations in paragraph 63 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

64. The allegations in paragraph 64 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

65. The allegations in paragraph 65 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

66. The allegations in paragraph 66 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

67. The allegations in paragraph 67 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

**COUNT III**
**Breach of Contract: As to Defendant Blockquarry**

68. The responses contained above are re-asserted as if set forth fully herein.

69. The allegations in paragraph 69 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

70. The allegations in paragraph 70 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

71. The allegations in paragraph 71 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

72. The allegations in paragraph 72 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

73. The allegations in paragraph 73 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

74. The allegations in paragraph 74 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

**COUNT IIIII**
**Conversion: As to Both Defendants**

75. The responses contained above are re-asserted as if set forth fully herein.

76. The allegations in paragraph 76 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

77. The allegations in paragraph 77 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

78. The allegations in paragraph 78 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

79. The allegations in paragraph 79 of the Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

80. Defendant Pantheon denies the allegations in paragraph 80 of the Complaint.

81. Defendant Pantheon denies the allegations in paragraph 81 to the extent they are directed at Defendant Pantheon.

82. Defendant Pantheon denies the allegations in paragraph 82 to the extent they are directed at Defendant Pantheon.

83. Defendant Pantheon denies the allegations in paragraph 83 to the extent they are directed at Defendant Pantheon.

## COUNT IVV
### Restitution for Unjust Enrichment: As to Both Defendants

84. The responses contained above are re-asserted as if set forth fully herein.

85. Defendant Pantheon admits it does not own Plaintiff's equipment. Except as expressly admitted herein, the allegations in paragraph 85 of the Complaint are denied.

86. Defendant Pantheon denies the allegations in paragraph 86 to the extent they are directed at Defendant Pantheon.

87. Defendant Pantheon denies the allegations in paragraph 87 to the extent they are directed at Defendant Pantheon.

88. Defendant Pantheon denies the allegations in paragraph 88 to the extent they are directed at Defendant Pantheon.

89. Defendant Pantheon denies the allegations in paragraph 89 to the extent they are directed at Defendant Pantheon.

90. Defendant Pantheon denies the allegations in paragraph 90 to the extent they are directed at Defendant Pantheon.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute(s) of limitations.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by its own acts and/or omissions.

**THIRD AFFIRMATIVE DEFENSE**

Defendant Pantheon reserves the right to assert additional affirmative defenses as they become known through the discovery process.

WHEREFORE, Defendant Pantheon Resources, Inc. prays unto this Court as follows:

1. That Plaintiff be awarded no damages for any of its Claims for Relief;

2. That the costs of this action, including reasonable attorney's fees, be taxed against the Plaintiff; and,

3. Any such other or further relief that this Court deems just and proper.

Dated: This 24th day of June, 2024.

Respectfully submitted,

*/s/ Trent M. Grissom*
Trent M. Grissom (Federal Bar No. 10671)
M<small>C</small>G<small>RATH</small> & S<small>PIELBERGER</small>, PLLC
6201 Fairview Road, Suite 330
Charlotte, NC  28210
Telephone: (704) 271-5000
trent@mcgrathspielberger.com
*Attorney for Defendant Pantheon Resources, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant Pantheon Resources, Inc.'s Response to Complaint has been submitted via the electronic filing system and thus has been served on all Parties via its/their attorney of record as follows:

Graham L. Newman
**CHAPPELL, CHAPPELL & NEWMAN**
4500 Fort Jackson Blvd, Suite 250
Columbia, SC 29209
graham@chappell.law
*Attorneys for Plaintiff*

Andrew A. Mathias
**Maynard Nexsen**
104 South Main Street, Suite 900
Greenville, SC 29601
amathias@maynardnexsen.com
*Attorneys for Defendant Blockquarry Corp*

This the 24th day of June, 2024.

/s/ Trent M. Grissom
Trent M. Grissom (Federal Bar No. 10671)
MCGRATH & SPIELBERGER, PLLC
6201 Fairview Road, Suite 330
Charlotte, NC  28210
Telephone: (704) 271-5000
trent@mcgrathspielberger.com
*Attorney for Defendant Pantheon Resources, Inc.*