## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| BEEQB, LLC, a Florida corporation, ) | Civil Action No. 7:24-cv-03179-TMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **BLOCKQUARRY CORP. f/k/a ISW** |
| ) | **HOLDINGS, INC.'S ANSWER TO** |
| BLOCKQUARRY CORP. f/k/a ISW ) | **PLAINTIFF'S COMPLAINT AND** |
| HOLDINGS, INC., a Nevada Corporation, ) | **COUNTERCLAIM** |
| and PANTHEON RESOURCES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant BlockQuarry Corp., f/k/a ISW Holdings, Inc. ("BlockQuarry") hereby responds to Plaintiff BEEQB, LLC's ("Plaintiff") Complaint. Except as hereinafter specifically admitted, each and every allegation of Plaintiff's Complaint is denied.

### FOR A FIRST DEFENSE
### (General Denial)

### NATURE OF ACTION

1. BlockQuarry denies the allegations of Paragraph 1.

2. BlockQuarry denies the allegations of Paragraph 2.

3. BlockQuarry denies the allegations of Paragraph 3.

4. BlockQuarry denies the allegations of Paragraph 4.

5. Upon information and belief, BlockQuarry admits the allegations of Paragraph 5.

6. BlockQuarry admits the allegations of Paragraph 6.

7. Upon information and belief, BlockQuarry admits the allegations of Paragraph 7.

8. BlockQuarry denies the allegations of Paragraph 8.

9. To the extent a response is deemed required to Paragraph 9, BlockQuarry denies that Plaintiff is entitled to the relief sought in this action.

## PARTIES, JURISDICTION AND VENUE

10. Upon information and belief, BlockQuarry admits the allegations of Paragraph 10.

11. In response to Paragraph 11, BlockQuarry admits that it is an active Nevada corporation with its principal place of business in Houston, Texas, that it was registered as a foreign corporation in South Carolina on February 15, 2022 with the Entity ID No. 01197527, and that it was authorized to transact business in South Carolina. BlockQuarry denies that its principal place of business is located at 8300 FM 1960 West, Houston, Texas 77070. In response to the remaining allegations contained in Paragraph 11, BlockQuarry craves reference to the records of the South Carolina Secretary of State, and denies any allegations inconsistent therewith.

12. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12, and on that basis, denies the same.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is deemed required, BlockQuarry does not contest the Court's subject matter jurisdiction in this action.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is deemed required, BlockQuarry does not contest the Court's personal jurisdiction in this action.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is deemed required, BlockQuarry does not contest venue in this action.

## LOCATION OF THE PROPERTY

16. In response to the first sentence of Paragraph 16, BlockQuarry is without knowledge or information sufficient to admit or deny allegations concerning Plaintiff's knowledge, and on that basis, denies the allegations contained in the first sentence of Paragraph 16. In response to the second sentence of Paragraph 16, BlockQuarry admits that it engaged the

2

assistance of a third party to move certain property Missouri, but denies that it is engaging in any hosting services for Plaintiff in Missouri. BlockQuarry admits the allegations contained in the third sentence of Paragraph 16. BlockQuarry denies the allegations contained in the fourth sentence of Paragraph 16.

## DESCRIPTION AND VALUE OF THE PROPERTY

17. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 17, including the ownership of the identified cryptocurrency miners and containers or the value of the identified cryptocurrency miners and containers, and on that basis, denies the same. BlockQuarry denies that it is in possession of the identified cryptocurrency miners and containers.

## FACTS

### I.  BEEQB'S BUSINESS

18. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 18, and on that basis, denies the same.

19. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 19, and on that basis, denies the same.

### II.  BEEQB'S HOSTING AND PURCHASE AGREEMENTS WITH UPTIME HOSTING

20. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20, and on that basis, denies the same.

21. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 21, and on that basis, denies the same.

22. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 22, and on that basis, denies the same.

23.     BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 23, and on that basis, denies the same.

24.     BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 24, and on that basis, denies the same.

25.     BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 25, and on that basis, denies the same.

26.     In response to Paragraph 26, BlockQuarry craves reference to the Hosting Agreement and denies any allegations inconsistent therewith.

27.     In response to Paragraph 27, BlockQuarry craves reference to the Hosting Agreement and denies any allegations inconsistent therewith.

28.     BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 28, and on that basis, denies the same.

29.     BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 29, and on that basis, denies the same.

30.     BlockQuarry denies the allegations of Paragraph 30.

### III.    BLOCKQUARRY UNLAWFULLY TAKES BEEQB'S EQUIPMENT AND REFUSES TO RETURN IT

31.     In response to Paragraph 31, BlockQuarry admits only that it was engaged in a lawsuit against Gaffney Board of Public Works and Litchain Corp., Civil Action No. 7:23-cv-01427-TMC, which was filed on April 7, 2023 (the "Litchain Litigation").  In response to the remaining allegations contained in Paragraph 31, BlockQuarry craves reference to the Complaint in the Litchain Litigation and denies all allegations inconsistent therewith.  BlockQuarry denies the remaining allegations contained in Paragraph 31, and specifically denies that it held itself out

as the bailee of Plaintiff's property or that any court made the legal conclusion that BlockQuarry was the "bailee" of personal property located at the Gaffney Facility.

32. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 32, and on that basis, denies the same.

33. In response to Paragraph 33, BlockQuarry craves reference to the Joint Stipulation of Dismissal, and denies any allegations inconsistent therewith. BlockQuarry admits that the lawsuit against Litchain Corp. continued after the Joint Stipulation of Dismissal was filed.

34. BlockQuarry denies the allegations of Paragraph 34.

35. In response to Paragraph 35, BlockQuarry craves reference to the referenced email communications and denies any allegations inconsistent therewith.

36. In response to Paragraph 36, BlockQuarry craves reference to the referenced email exchange and denies any allegations inconsistent therewith.

37. In response to Paragraph 37, BlockQuarry craves reference to the referenced email communications and denies any allegations inconsistent therewith.

38. In response to the first sentence of Paragraph 38, BlockQuarry admits only that the identified time period passed without additional developments from BlockQuarry, and denies all remaining allegations contained in the first sentence of Paragraph 38. In response to the second sentence of Paragraph 38, BlockQuarry craves reference to the referenced December 20, 2023 letter and denies any allegations inconsistent therewith.

39. In response to Paragraph 39, BlockQuarry craves reference to BlockQuarry's Response to Motion for Partial Default Judgment Filed by Gaffney Board of Public Works and denies any allegations inconsistent therewith.

40. In response to Paragraph 40, BlockQuarry craves reference to its January 24, 2024 letter and denies any allegations inconsistent therewith.

41. In response to Paragraph 41, BlockQuarry craves reference to the referenced communication and documents and denies any allegations inconsistent therewith.

42. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 42, and on that basis, denies the same.

43. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 43, and on that basis, denies the same.

44. In response to Paragraph 44, BlockQuarry only admits that it and Plaintiff have never entered into a contract. BlockQuarry denies the remaining allegations contained in Paragraph 44, and specifically denies that Plaintiff owes no payment to BlockQuarry.

45. In response to Paragraph 45, BlockQuarry craves reference to the referenced communication and documents and denies any allegations inconsistent therewith.

46. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 46, and on that basis, denies the same.

47. BlockQuarry denies the allegations contained in the first sentence of Paragraph 47. In response to the second sentence of Paragraph 47, BlockQuarry is without knowledge or information sufficient to admit or deny the allegations concerning Pantheon's intent, and on that basis, denies the same.

48. In response to Paragraph 48, BlockQuarry craves reference to the referenced email communications and denies any allegations inconsistent therewith. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations concerning Plaintiff's knowledge, and on that basis, denies the same.

49. BlockQuarry denies the allegations contained in Paragraph 49 and specifically denies any implication that BlockQuarry has "wrongfully retained" or sold property belonging to Plaintiff.

50. BlockQuarry denies the allegations of Paragraph 50.

51. In response to Paragraph 51, BlockQuarry admits only that entities called CryptoInfiniti LLC and Bitmain Technologies Georgia Limited moved to intervene in the Litchain Litigation. BlockQuarry is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 51, and on that basis, denies the same.

52. In response to Paragraph 52, BlockQuarry is without knowledge or information sufficient to admit or deny the allegation that Plaintiff's counsel was preparing intervention papers, and on that basis, denies the same. BlockQuarry admits the remaining allegations contained in Paragraph 52.

53. BlockQuarry admits the allegations contained in Paragraph 53.

54. BlockQuarry admits the allegations contained in Paragraph 54.

55. BlockQuarry admits the allegations contained in Paragraph 55.

56. In response to Paragraph 56, BlockQuarry is without knowledge or information sufficient to admit or deny Plaintiff's willingness to send a representative to Missouri when invited to do so, and on that basis, denies the same. BlockQuarry admits only that, as a result of a third party's interference, it has not successfully been able to invite Plaintiff to visit the site in Missouri which is at issue.

57. In response to Paragraph 57, BlockQuarry is without knowledge or information sufficient to admit or deny the characterization of Plaintiff's expectations, and on that basis, denies the same. BlockQuarry denies the remaining allegations contained in Paragraph 57.

58. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 58, and on that basis, denies the same.

59. To the extent a response to Paragraph 59 is deemed required, BlockQuarry denies the allegations of Paragraph 59.

## COUNT 1
### Negligence and Gross Negligence of Bailee: As to Defendant Blockquarry

60. In response to Paragraph 60, BlockQuarry incorporates all preceding paragraphs as if fully restated herein, except to the extent inconsistent herewith.

61. BlockQuarry denies the allegations of Paragraph 61.

62. BlockQuarry denies the allegations of Paragraph 62.

63. Paragraph 63 contains legal conclusions to which no response is required. To the extent a response is deemed required, BlockQuarry denies the allegations of Paragraph 63.

64. BlockQuarry denies the allegations of Paragraph 64.

65. BlockQuarry denies the allegations of Paragraph 65.

66. BlockQuarry denies the allegations of Paragraph 66.

67. Blockquarry denies the allegations of Paragraph 67, and specifically denies that Plaintiff is entitled to any of the relief requested therein.

## COUNT III [sic]
### Breach of Contract: As to Defendant Blockquarry

68. In response to Paragraph 68, BlockQuarry incorporates all preceding paragraphs as if fully restated herein, except to the extent inconsistent herewith.

69. In response to Paragraph 69, BlockQuarry admits that it entered into a settlement agreement with Gaffney Board of Public Works (the "Settlement Agreement"), but denies that the agreement was entered into on November 2, 2023.

70. Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is deemed required, BlockQuarry does not contest the enforceability of the Settlement Agreement.

71. In response to Paragraph 71, at this time, BlockQuarry admits only that it is currently unaware of any bad faith or non-performance by Gaffney Board of Public Works under the Settlement Agreement, and denies any remaining allegations contained in Paragraph 71.

72. BlockQuarry denies the allegations of Paragraph 72.

73. BlockQuarry denies the allegations of Paragraph 73.

74. BlockQuarry denies the allegations of Paragraph 74.

### COUNT IIIII [sic]
### Conversion: As to Both Defendants

75. In response to Paragraph 75, BlockQuarry incorporates all preceding paragraphs as if fully restated herein, except to the extent inconsistent herewith.

76. BlockQuarry denies the allegations of Paragraph 76.

77. BlockQuarry denies the allegations of Paragraph 77.

78. BlockQuarry denies the allegations of Paragraph 78.

79. BlockQuarry denies the allegations of Paragraph 79.

80. BlockQuarry denies the allegations of Paragraph 80.

81. BlockQuarry denies the allegations of Paragraph 81.

82. BlockQuarry denies the allegations of Paragraph 82.

83. BlockQuarry denies the allegations of Paragraph 83, and specifically denies that Plaintiff is entitled to any of the relief requested therein.

## COUNT IVV [sic]
### Restitution for Unjust Enrichment: As to Both Defendants

84. In response to Paragraph 84, BlockQuarry incorporates all preceding paragraphs as if fully restated herein, except to the extent inconsistent herewith.

85. BlockQuarry denies the allegations of Paragraph 85.

86. In response to the allegations of Paragraph 86 concerning BlockQuarry, BlockQuarry denies the allegations of Paragraph 86. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 86 concerning Defendant Pantheon, and on that basis, denies the same.

87. BlockQuarry denies the allegations of Paragraph 87.

88. In response to the allegations of Paragraph 88 concerning BlockQuarry, BlockQuarry denies the allegations of Paragraph 88. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 88 concerning Defendant Pantheon Resources Inc., and on that basis, denies the same.

89. BlockQuarry denies the allegations of Paragraph 89.

90. BlockQuarry denies the allegations of Paragraph 90.

91. BlockQuarry denies that Plaintiff is entitled to any of the relief set forth in the unnumbered WHEREFORE paragraph following Paragraph 90.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to Plaintiff's Complaint, BlockQuarry hereby raises, asserts, and preserves the following affirmative and other defenses. By pleading the following as affirmative defenses, BlockQuarry does not concede that it bears the burden to establish the factual bases therefor and does not intend to shift the burden of proof under applicable law or otherwise relieve Plaintiff of any burden to establish the elements of its prima facie case.

## FOR A SECOND DEFENSE
### (Failure to State a Claim)

92. Plaintiff's claims fail to state facts sufficient to constitute a cause of action for which relief can be granted and, therefore, must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Failure to Mitigate Damages)

93. Without admitting that Plaintiff has suffered any damages whatsoever, BlockQuarry would show that Plaintiff has failed to mitigate its alleged damages, and therefore, cannot recover against BlockQuarry.

## FOR A FOURTH DEFENSE
### (Acts of Others)

94. Plaintiff's damages, if any, were caused by the acts or omissions of other persons or entities for which BlockQuarry is not liable or responsible. In the event BlockQuarry is found liable to Plaintiff, which liability BlockQuarry expressly denies, BlockQuarry is entitled to indemnification, contribution, or apportionment of liability or fault pursuant to applicable law.

## FOR A FIFTH DEFENSE
### (Good Faith)

95. Plaintiff's claims are barred, in whole or in part, because BlockQuarry acted lawfully and in good faith at all relevant times, and has not violated any statutory or legal right of Plaintiff.

## FOR A SIXTH DEFENSE
### (Set Off)

96. An award, judgment, or decision rendered in favor of Plaintiff must be reduced or set off by the amounts Plaintiff owes BlockQuarry.

## FOR A SEVENTH DEFENSE
**(Comparative Negligence)**

97. Plaintiff is unable to recover on its negligence claims because its fault exceeds the fault (if any) of BlockQuarry.

## FOR AN EIGHTH DEFENSE
**(No Proximate Cause or Causation)**

98. Plaintiff's negligence claims fail, in whole or in part, because Plaintiff cannot prove that any damages allegedly suffered by Plaintiff proximately resulted from the breach of a duty BlockQuarry allegedly owed to Plaintiff.

## FOR A NINTH DEFENSE
**(Limitation on Punitive Damages)**

99. Plaintiff's claims for punitive damages are barred because Plaintiff cannot prove that BlockQuarry has acted or failed to act in a willful or reckless manner that entitles Plaintiff to recover punitive damages.

100. Plaintiff's claim for punitive damages is also barred by the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, the South Carolina Constitution, and the excessive fines clause of the Eighth Amendment to the United States Constitution, pursuant to *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

101. Finally, Plaintiff's claims for punitive damages are further limited by applicable statutory and common law regarding limitations of awards and caps on recovery pursuant to S.C. Code Ann. § 15-32-530 and any other applicable statutory caps.

## FOR A TENTH DEFENSE
**(Damages Limitation)**

102. Plaintiff's claims are barred, reduced, or limited pursuant to the applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

## FOR AN ELEVENTH DEFENSE
### (No Breach)

103. Plaintiff's contract claim is barred because Plaintiff cannot establish that BlockQuarry breached any contract with Plaintiff.

## FOR A TWELFTH DEFENSE
### (No Third Party Beneficiary Status)

104. Plaintiff's contract claim is barred because Plaintiff cannot establish that Plaintiff is a third party beneficiary of the Settlement Agreement.

## FOR A THIRTEENTH DEFENSE
### (Equitable Defenses)

105. BlockQuarry would show that Plaintiff's claims are barred under principles of waiver, estoppel, accord and satisfaction, and/or laches.

## FOR A FOURTEENTH DEFENSE
### (Unclean Hands)

106. BlockQuarry would show that some or all of Plaintiff's claims are barred by the doctrine of unclean hands, which holds that a party may not recover in equity if it acted unfairly in the matter that is the subject of the litigation to the prejudice of the opposing party.

## FOR A FIFTEENTH DEFENSE
### (Justification)

107. Even if BlockQuarry breached any contract or committed any tort, which it expressly denies, BlockQuarry had proper justification for doing so, and therefore, some or all of Plaintiff's claims must fail.

## RESERVATION OF RIGHTS

108. BlockQuarry hereby gives notice that it may rely upon other applicable defenses of which it becomes aware during discovery in this case and hereby reserves the right to amend this Answer to assert any such defenses.

## COUNTERCLAIMS

109. BlockQuarry restates and reasserts all preceding paragraphs to the extent not inconsistent herewith.

## PARTIES, JURISDICTION, AND VENUE

110. Defendant/Counterclaim Plaintiff BlockQuarry Corp. f/k/a ISW Holdings, Inc. ("BlockQuarry") is a corporation organized under the laws of Nevada with a principal place of business in Texas.

111. Upon information and belief, Plaintiff/Counterclaim Defendant BEEQB, LLC ("Plaintiff") is a limited liability company existing under Florida law, with a single member, Maxim Eliseev, who is a resident of Florida.

112. Subject matter jurisdiction is proper in this case because the parties are completely diverse, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

113. Venue is proper in this division because a portion of the events upon which these counterclaims are based occurred in Cherokee County, South Carolina. *See* 28 U.S.C. § 1391(b)(2).

114. These matters are compulsory counterclaims, and, therefore, this Court has jurisdiction and venue is proper. Further, because these are compulsory counterclaims, Plaintiff has already consented to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

115. BlockQuarry is a cryptocurrency mining development company that provides its clients with cryptocurrency mining development services in the United States.

116. On or around October 18, 2021, BlockQuarry subleased from Litchain Corp. real property located at 154 Hyatt Street, Gaffney, South Carolina 29341 (the "Gaffney Site").

117.　BlockQuarry and its clients began bitcoin mining at the Gaffney Site in or around March of 2022.

118.　BlockQuarry engaged a third party management company called Bit5ive, LLC ("Bit5ive") to manage day-to-day operations at the Gaffney Site.

119.　Without BlockQuarry's knowledge or consent, Bit5ive and its principal, Robert Collazo ("Collazo") authorized Plaintiff to operate bitcoin miners at the Gaffney Site.

120.　BlockQuarry unknowingly paid for the electricity consumed by Plaintiff's bitcoin miners that operated on the Gaffney Site.

121.　Plaintiff owes BlockQuarry amounts for power consumption at the Gaffney Site in an amount to be determined during the course of discovery in this matter, but which certainly exceeds $75,000.00.

## FOR A FIRST COUNTERCLAIM
### (Unjust Enrichment)

122.　BlockQuarry incorporates all preceding paragraphs as if fully restated herein, except to the extent inconsistent herewith.

123.　BlockQuarry conferred a benefit on Plaintiff by unknowingly providing hosting services to Plaintiff and facilitated electric power to Plaintiff's bitcoin miners at the Gaffney Site.

124.　Plaintiff realized this benefit by operating bitcoin miners at the Gaffney Site that consumed the electric power funded by BlockQuarry to mine for bitcoins, which yielded an unidentified number of bitcoins[1] for Plaintiff.

125.　　It would be unjust for Plaintiff to retain these benefits without paying BlockQuarry for Plaintiff's electric power consumption at the Gaffney Site.

---

[1] The value of one bitcoin fluctuates. On August 7, 2024, for example, the value of one bitcoin varied between approximately $55,000.00 and $57,000.00. *See* https://ycharts.com/indicators/bitcoin_price (last accessed August 7, 2024).

15

126. Plaintiff's conduct has caused damages and/or other losses to BlockQuarry in an amount to be determined during the course of discovery in this matter, together with pre- and post-judgment interest, attorneys' fees and costs, and any further relief deemed appropriate by the Court.

**WHEREFORE**, BlockQuarry respectfully requests the following relief:

A. Judgment against Plaintiff on BlockQuarry's Counterclaim, judgment in favor of BlockQuarry on Plaintiff's claims, and the dismissal with prejudice of Plaintiff's claims; and

B. An award of actual, direct, special, incidental, and consequential damages, pre- and post-judgment interest, and attorneys' fees and costs; and

C. Any such other relief that the Court deems just and proper.

Respectfully submitted,

**MAYNARD NEXSEN PC**

s/ *Andrew A. Mathias*
Andrew A. Mathias, Fed. ID No. 10166
Konstantine P. Diamaduros, Fed. ID No. 12368
Elizabeth C. Edmondson, Fed. ID No. 13208
104 S. Main Street, Suite 900 (29601)
Post Office Drawer 10648
Greenville, South Carolina 29603
Phone: 864.370.2211
Fax: 864.477.2617
AMathias@maynardnexsen.com
KDiamaduros@maynardnexsen.com
EEdmondson@maynardardnexsen.com

August 9, 2024
Greenville, South Carolina

*Attorneys for Defendant Blockquarry Corp. f/k/a ISW Holdings, Inc.*