**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUT H CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| BEEQB, LLC, a Florida Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS** |
| BLOCKQUARRY CORP., f/k/a ISW | ) | **COUNTERCLAIM OF DEFENDANT** |
| HOLDINGS, INC., a Nevada Corporation, | ) | **BLOCKQUARRY, CORP.** |
| And PANTEHON RESOURCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

This matter is before the Court on the motion of the Plaintiff, Beeqb, LLC (hereinafter "Beeqb") to dismiss the counterclaim of the Defendant, Blockquarry Corp. (hereinafter "Blockquarry") pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the motion should be granted.

**FACTS**

This case arises out of a dispute over the use and possession of cryptocurrency mining equipment at a facility in Gaffney, South Carolina. (Dkt. 1, Complaint) On May 23, 2024, Beeqb filed a complaint against Blockquarry claiming, *inter alia*, that Blockquarry converted Beeqb's cryptocurrency mining equipment (Dkt. 1, Complaint ¶¶ 75-83) and unjustly enriched itself through the use of Beeqb's cryptocurrency mining equipment. (Dkt. 1, Complaint ¶¶ 84-90) Beeqb also alleged (and attached proof of) that it paid its own electricity expenses at the Gaffney facility. (Dkt. 1, Complaint ¶ 45, Exhibit N)

On August 9, 2024, Defendant Blockquarry answered the complaint and simultaneously filed a counterclaim against Plaintiff Beeqb for restitution.[1] (Dkt. 15, Answer and Counterclaim ¶¶ 122-126) According to Blockquarry's counterclaim, it was unaware that Beeqb was operating cryptocurrency mining equipment in the Gaffney facility. (Dkt. 15, Answer and Counterclaim, ¶ 119) The Defendant's counterclaim alleges that it conferred the following benefit upon Plaintiff Beeqb:

- "Blockquarry unknowingly paid for the electricity consumed by Plaintiff's bitcoin miners that operated on the Gaffney Site." (Dkt. 15, Answer and Counterclaim at ¶ 120)

- "Blockquarry conferred a benefit on Plaintiff by unknowingly providing hosting services to Plaintiff and facilitated electric power to Plaintiff's bitcoin miners at the Gaffney Site." (Dkt. 15, Answer and Counterclaim ¶ 123)

Blockquarry makes these allegations despite proof to the contrary attached to Plaintiff's complaint. (Dkt. 1, Complaint ¶ 45, Exhibit N) Beeqb's motion to dismiss Blockquarry's counterclaim follows.

**STANDARD OF REVIEW**

Rule 12(b)(6) provides for the dismissal of a claim that fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation

---

[1] The Counterclaim styles its claim as one for "unjust enrichment." However, though the two terms are used interchangeably, "[r]estitution is a remedy designed to prevent unjust enrichment." Sauner v. Pub. Serv. Auth. of S.C., 354 S.C. 397, 409, 581 S.E.2d 161, 167 (2003)

to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly at 545, 127 S. Ct. at 1959.

## ANALYSIS

The elements for a claim for restitution are as follows.

> Restitution is a remedy designed to prevent unjust enrichment. To recover on a theory of restitution, the plaintiff must show (1) that he conferred a non-gratuitous benefit on the defendant; (2) that the defendant realized some value from the benefit; and (3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value.

Sauner v. Pub. Serv. Auth. of S.C., 354 S.C. 397, 409, 581 S.E.2d 161, 167 (2003)(internal citations omitted). As noted above, the Defendant alleges it "unknowingly paid for the electricity consumed by Plaintiff's bitcoin miners" and "unknowingly provided hosting services to Plaintiff". (Dkt. 15, Counterclaim at ¶¶ 120, 123). However, as a matter of law, any such benefit was gratuitous—not "non-gratuitous". As a result, the counterclaim fails to state a claim for which relief may be granted and should be dismissed.

South Carolina law establishes that "not just any benefit conferred meets the first element (of restitution). Rather, the benefit must be non-gratuitous…". Inglese v. Beal, 403 S.C. 290, 298, 742 S.E.2d 687, 691 (Ct. App. 2013).

> To be conferred nongratuitously, the plaintiff must confer the benefit either "(1) at the defendant's request or (2) in circumstances where the plaintiff reasonably relies on the defendant to pay for the benefit and the defendant understands or ought to understand that the plaintiff expects compensation and looks to him for payment."

Campbell v. Robinson, 398 S.C. 12, 24, 726 S.E.2d 221, 228 (Ct. App. 2012), quoting Niggel Assocs., Inc. v. Polo's of N. Myrtle Beach, Inc., 296 S.C. 530, 532–33, 374 S.E.2d 507, 509 (Ct.

App. 1988). "It is not enough that the defendant has knowledge of the plaintiff's conduct; he must have induced the plaintiff to confer the benefit." Niggel Assocs., supra.

Here, Blockquarry's counterclaim makes no allegation that the electricity payments or hosting services were conferred to Beeqb either 1) at Beeqb's request, or 2) in circumstances where the Blockquarry reasonably relied on Beeqb for payment. Similarly, the counterclaim makes no mention of Beeqb inducing Blockquarry into providing electricity and/or hosting services. In fact, Blockquarry admits that it had no knowledge of Beeqb's presence at the Gaffney site (Dkt. 15, Counterclaim at ¶ 119) and any such benefits were conferred "unknowingly". (Dkt. 15, Counterclaim at ¶¶ 120, 123)

The facts alleged in Blockquarry's counterclaim are similar to those in Niggel Assocs., supra. There the lessee of a golfing facility subleased a portion of the facility to a developer. The developer then hired contractors to install improvements on the sublet portions of the facility. After the contractors completed the improvements, the developer failed to pay the contractors. The contractors then sued the original lessee of the facility, claiming it was unjustly enriched by the improvements.

The Niggel Assocs. court rejected the developers' claims of unjust enrichment, finding that "[a]ny benefit (the original lessee) received was an incidental result of dealings between others in which it did not participate and over which it assumed no control." Id. at 533, 374 S.E.2d at 409. Similarly, here, no business relationship existed between Blockquarry and Beeqb. Blockquarry was not even aware of Beeqb's presence in the Gaffney facility. As a result, any benefit conferred upon Beeqb "was an incidental result of dealings between others", was therefore gratuitous, and cannot satisfy the first element of the claim for restitution.

Beyond the gratuitous nature of any benefit alleged to have been conferred upon Beeqb, the evidence attached to Plaintiff's complaint establishes that it received no benefit at all. (Dkt. 1, Complaint ¶ 45, Exhibit N) This further supports the Plaintiff's motion to dismiss Blockquarry's counterclaim.

## CONCLUSION

For the reasons stated above, Blockquarry's counterclaim fails to state a claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**CHAPPELL, CHAPPELL & NEWMAN**

By: _/s/ Graham L. Newman_
Graham L. Newman, Federal Bar No. 9746
4500 Fort Jackson Blvd., Suite 250
Columbia, South Carolina 29209
Tel: (803) 266-1553
graham@chappell.law

**BUZKO KRASNOV**
Evgeny Krasnov
evgeny.krasnov@buzko.legal
Tel: (718) 557-9582
228 Park Avenue South
PMB 85451
New York, New York 10003
*Pro Hac Vice Motions forthcoming*

*Attorneys for Plaintiff, Beeqb, LLC*