UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| BEEQB, LLC, a Florida Corporation, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BLOCKQUARRY CORP., f/k/a ISW )<br>HOLDINGS, INC., a Nevada Corporation, )<br>And PANTHEON RESOURCES, INC., )<br>)<br>Defendant. )<br>_____) | Joint Answers to Local Civil Rule 26.03<br>Interrogatories |

The parties, having conferred pursuant to Fed. R. Civ. P. 26(f) and the order of this Court, provide the Court with the following answers to the Local Civil Rule 26.03 interrogatories.

1. **A short statement of the facts of the case.**

This case arises from a dispute over the operation and possession of a large number of bitcoin mining machines originally located in Gaffney, South Carolina. Plaintiff Beeqb, LLC alleges it is the owner of certain bitcoin mining machines. Defendant Blockquarry Corp. is a cryptocurrency mining development that subleased the Gaffney facility. Defendant Pantheon Resources, Inc. is a development company that possessed many of the bitcoin mining machines at times related to the complaint.

Plaintiff alleges that the actions of the defendants prevented the operation of its bitcoin mining machines, costing the Plaintiff money. Plaintiff further alleges that the Defendants unlawfully seized the machines and operated them for their own benefit, thereby both costing the Plaintiff money and enriching themselves. Defendants dispute these allegations.

2. **The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

PLAINTIFF BEEQB

Konstantin Kuznetsov: testimony regarding facts alleged in the complaint, communication with defendants and third parties, authentication of documents

DEFENDANT BLOCKQUARRY

BlockQuarry has not yet identified all of the witnesses it may call at trial. BlockQuarry expressly reserves the right to supplement this response to add other witnesses as discovery progresses and

1

further reserves the right to call any witnesses to this matter identified by any other party. BlockQuarry believes witnesses may include, without limitation:

**Alonzo Pierce**: Mr. Pierce is the President and Chairman of the Board of BlockQuarry and has knowledge concerning BlockQuarry's management of the Gaffney Site and events leading up to the relocation of the bitcoin miners to Missouri.

DEFENDANT PANTHEON

**Stephen Stenberg** – CEO of Pantheon Resources, Inc. – can offer testimony to the contractual agreements relating to the Gaffney facility as well as the transportation and storage of the subject miners.

**Shawn Vaught** – COO of Pantheon Resources, Inc. – can offer testimony as to the packing, shipping, and storing of the subject miners.

3. **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

PLAINTIFF BEEQB

Operation of cryptocurrency mining machines, including the technical data that these machines can produce and its significance

DEFENDANT BLOCKQUARRY

BlockQuarry has not yet identified an expert witness to testify at the trial of this case. BlockQuarry anticipates the use of expert testimony to rebut any expert testimony from Plaintiff.

DEFENDANT PANTHEON

Pantheon anticipates the use of expert testimony only to rebut any expert testimony from Plaintiff.

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

PLAINTIFF BEEQB:

- Gross Negligence of Bailee

    Plaintiff alleges that Blockquarry was the bailee of the disputed bitcoin mining machines and breached its duty of due care owed to Beeqb as the owner of the machines. "The degree of care required of a bailee for mutual benefit is defined as ordinary care, or due care, or the degree of care which would be exercised by a person of ordinary care in the protection of his own property." Kelley v. Cap. Motors, 204 S.C. 304, 28 S.E.2d 836, 838 (1944).

- Breach of Contract

Plaintiff alleges that Blockquarry entered into a contractual agreement to which Plaintiff was a third-party "beneficiary in which Blockquarry promised to return the bitcoin mining machines to Plaintiff but failed to do so. "[I]f a contract is made for the benefit of a third person, that person may enforce the contract if the contracting parties intended to create a direct, rather than an incidental or consequential, benefit to such third person." Beverly v. Grand Strand Reg'l Med. Ctr., LLC, 435 S.C. 594, 599, 869 S.E.2d 812, 815 (2022).

- Conversion

Plaintiff alleges that both Blockquarry and Pantheon denied it access to and the use of its bitcoin mining machines and, in so doing, committed a conversion. "Conversion" is *507 defined as the unauthorized assumption and exercise of the rights of ownership over goods or personal chattels belonging to another, to the alteration of their condition or to the exclusion of the rights of the owner. Mullis v. Trident Emergency Physicians, 351 S.C. 503, 506–07, 570 S.E.2d 549, 550 (Ct. App. 2002)

- Restitution/Unjust Enrichment

Plaintiff alleges that both defendants were unjustly enriched by using Plaintiff's bitcoin mining machines to mine bitcoin for themselves. "To recover on a theory of restitution, the plaintiff must show (1) that he conferred a non-gratuitous benefit on the defendant; (2) that the defendant realized some value from the benefit; and (3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value." Sauner v. Pub. Serv. Auth. of S.C., 354 S.C. 397, 409, 581 S.E.2d 161, 167 (2003).

DEFENDANT BLOCKQUARRY

BlockQuarry has raised the following counterclaims against Plaintiff:

- Unjust enrichment: BlockQuarry alleges that Plaintiff was unjustly enriched when BlockQuarry paid for a portion of Plaintiff's electricity consumption at the Gaffney Site. *See Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 383 S.C. 115, 678 S.E.2d 430 (S.C. 2009).

- Conversion: BlockQuarry alleges that Plaintiff converted sums of money from BlockQuarry for Plaintiff's own use when BlockQuarry paid for a portion of Plaintiff's consumption of electricity. *See Mullis v. Trident Emergency Physicians*, 351 S.C. 503, 570 S.E.2d 549 (S.C. Ct. App. 2002).

- Trespass: BlockQuarry alleges that Plaintiff accessed the Gaffney Site without permission, and therefore, has committed civil trespass. *See Hawkins v. City of Greenville*, 358 S.C. 280, 594 S.E.2d 557 (S.C. Ct. App. 2004)

BlockQuarry has raised the following affirmative defenses:

3

- Plaintiff's Complaint fails to state a claim up which relief may be granted. Rule 12(b)(6), Fed. R. Civ. Pr.

- Plaintiff failed to mitigate its damages, if any. *See Genovese v. Bergeron*, 327 S.C. 567, 490 S.E.2d 608 (S.C. Ct. App. 1997).

- Plaintiff cannot establish causation in connection with its negligence claim based on acts of others, comparative negligence, and lack of proximate cause or causation. *See Berberich v. Jack*, 392 S.C. 278, 709 S.E.2d 607 (S.C. 2011); *Jenkins v. CEC Entm't Inc.*, 421 F. Supp. 3d 257 (D.S.C. 2019).

- Plaintiff's claims are barred, in whole or in part, because BlockQuarry acted lawfully and in good faith at all relevant times, and has not violated any statutory or legal right of Plaintiff.

- An award, judgment, or decision rendered in favor of Plaintiff must be reduced or set off by the amounts Plaintiff owes BlockQuarry. *See Broome v. Watts*, 319 S.C. 337, 461 S.E.2d 46 (S.C. 1995).

- Plaintiff's claims are barred, reduced, or limited pursuant to the applicable statutory and common law regarding limitations of awards, punitive damages, caps on recovery, and setoffs. *See State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003); S.C. Code Ann. § 15-32-530.

- BlockQuarry has breached no contract with Plaintiff because there is no privity of contract with Plaintiff. Further, Plaintiff is not a third party beneficiary to the Settlement Agreement, and therefore, cannot enforce its terms. *See Fabian v. Lindsay*, 410 S.C. 475, 765 S.E.2d 132 (S.C. 2014).

- Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, accord and satisfaction, laches, and/or unclean hands. *See So. Dev. Land & Golf Co., Ltd. v. S.C. Pub. Serv. Auth.*, 311 S.C. 29, 426 S.E.2d 748 (S.C. 1993) (estoppel); *Janasik v. Fairway Oaks Villas Horizontal Prop. Regime*, 307 S.C. 339, 415 S.E.2d 384 (S.C. 1992) (waiver and estoppel); *Liberty Builders, Inc. v. Horton*, 336 S.C. 658, 521 S.E.2d 749 (S.C. Ct. App. 1999) (waiver); *Arceneaux v. Arrington*, 284 S.C. 500, 327 S.E.2d 357 (S.C. Ct. App. 1985) (laches); *Ingram v. Kasey's Assoc.*, 340 S.C. 98, 107, 531 S.E.2d 287, 292, n.2 (S.C. 2000) (unclean hands); *S.C. Farm Bureau Mut. Ins. Co. v. Kelly*, 345 S.C. 232, 547 S.E.2d 871 (S.C. Ct. App. 2001) (accord and satisfaction).

- Even if BlockQuarry breached any contract or committed any tort, which it expressly denies, BlockQuarry had proper justification for doing so.

- BlockQuarry has not outright refused to return the bitcoin miners to Plaintiff, and therefore, Plaintiff's claim for conversion fails. *T&S Brass & Bronze Works, Inc. v. Pic-Air, Inc.*, 790 F.2d 1098 (4th Cir. 1986).

The citations provided by BlockQuarry are meant to be exemplary only, and BlockQuarry reserves the right to rely on additional and/or different citations. BlockQuarry further reserves the right to add defenses as the factual record is developed in the course of discovery and as additional defenses becomes apparent. These exemplary citations are not meant to limit the available defenses in this case.

<u>DEFENDANT PANTHEON</u>

Defenses – Accord and Satisfaction – Pantheon Resources has returned all miners in its possession belonging to Plaintiff to Plaintiff.

No Damages from this Defendant – Pantheon Resources did not use the machines in question to its own benefit. In fact, Pantheon has not been paid for the packing, shipping and storage of the miners regardless of their ownership.

Possible Cross Claim/Third Party Claim against Blockquarry – Third Party liability as Pantheon is not a contractual party with Plaintiff and any liability that Plaintiff can claim from Pantheon is a direct result of the acts or omissions of Defendant Blockquarry.

5. **Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.): (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures. (b) Completion of discovery.**

The parties have agreed to the scheduling order issued by the Court.

6. **Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

None.

7. **Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

None.

All undersigned counsel also certify that they have (1) discussed the availability of mediation with their client, (2) discussed the advisability and timing of mediation with opposing counsel, and (3) have agreed to mediation.

Respectfully Submitted,

| | |
|---|---|
| **CHAPPELL, CHAPPELL & NEWMAN** | **MAYNARD NEXSEN PC** |
| s/ *Graham L. Newman* | s/ *Andrew A. Mathias* |
| Graham L. Newman, Fed. Bar No. 9746 | Andrew A. Mathias, Fed. ID No. 10166 |
| 4500 Fort Jackson Blvd., Suite 250 | Konstantine P. Diamaduros, Fed. ID No. 12368 |
| Columbia, South Carolina 29209 | Elizabeth C. Edmondson, Fed. ID No. 13208 |
| Tel: (803) 266-1553 | 104 S. Main Street, Suite 900 (29601) |
| graham@chappell.law | Post Office Drawer 10648 |
| | Greenville, South Carolina 29603 |
| **BUZKO KRASNOV** | Phone: 864.370.2211 |
| Evgeny Krasnov | Fax: 864.477.2617 |
| evgeny.krasnov@buzko.legal | AMathias@maynardnexsen.com |
| Tel: (718) 557-9582 | KDiamaduros@maynardnexsen.com |
| 228 Park Avenue South | EEdmondson@maynardardnexsen.com |
| PMB 85451 | |
| New York, New York 10003 | *Attorneys for Defendant Blockquarry Corp.* |
| *Pro Hac Vice Motions forthcoming* | *f/k/a ISW Holdings, Inc.* |
| | |
| *Attorneys for Plaintiff, Beeqb, LLC* | **MCGRATH & SPIELBERGER, PLLC** |
| | |
| | s/ *Trent M. Grissom* |
| | Trent M. Grissom |
| | Fed. Bar No. 10671 |
| | 6201 Fairview Rd., Suite #330 |
| | Charlotte, NC 28210 |
| | |
| | *Attorney for Defendant Pantheon Resources* |

September 12, 2024