UNITED STATES DISTRICT COURT
DISTRICT OF SOUT H CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| BEEQB, LLC, a Florida Corporation, | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS AMENDED** |
| Plaintiff, | ) | **COUNTERCLAIMS OF DEFENDANT** |
| | ) | **BLOCKQUARRY, CORP.** |
| vs. | ) | |
| | ) | |
| BLOCKQUARRY CORP., f/k/a ISW | ) | |
| HOLDINGS, INC., a Nevada Corporation, | ) | |
| And PANTEHON RESOURCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the motion of the Plaintiff, Beeqb, LLC (hereinafter "Beeqb") to dismiss the amended counterclaims of the Defendant, BlockQuarry Corp. (hereinafter "BlockQuarry") pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the motion should be granted.

## FACTS

This case arises out of a dispute over the use and possession of cryptocurrency mining equipment at a facility in Gaffney, South Carolina. (Dkt. 1, Complaint) On May 23, 2024, Beeqb filed a complaint against BlockQuarry claiming, *inter alia*, that Blockquarry converted Beeqb's cryptocurrency mining equipment (Dkt. 1, Complaint ¶¶ 75-83) and unjustly enriched itself through the use of Beeqb's cryptocurrency mining equipment. (Dkt. 1, Complaint ¶¶ 84-90) Beeqb also alleged (and attached proof of) that it paid its own electricity expenses at the Gaffney facility. (Dkt. 1, Complaint ¶ 45, Exhibit N)

1

On August 9, 2024, Defendant BlockQuarry answered the complaint and simultaneously filed a counterclaim against Plaintiff Beeqb for restitution.[1] (Dkt. 15, Answer and Counterclaim ¶¶ 122-126) On August 22, 2024, Beeqb moved to dismiss this counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 21) That motion to dismiss was mooted by the filing of BlockQuarry's amended answer and counterclaims. (Dkt. 24)

According to BlockQuarry's amended counterclaims, it was unaware that Beeqb was operating cryptocurrency mining equipment in the Gaffney facility. (Dkt. 23 at ¶ 121) Despite this allegation, BlockQuarry's amended counterclaims allege that it conferred the following benefit upon Plaintiff Beeqb:

- "Blockquarry unknowingly paid for the electricity consumed by Plaintiff's bitcoin miners that operated on the Gaffney Site." (Dkt. 23 at ¶ 123)

- "Blockquarry conferred a benefit on Plaintiff by unknowingly providing hosting services to Plaintiff and facilitated electric power to Plaintiff's bitcoin miners at the Gaffney Site." (Dkt. 23 at ¶ 128)

Blockquarry makes these allegations despite proof to the contrary attached to Plaintiff's complaint. (Dkt. 1, Complaint ¶ 45, Exhibit N)

BlockQuarry has added two additional claims to its amended answer and counterclaims: conversion (Dkt. 23 at ¶¶ 133-138) and trespass (Dkt. 23 at ¶¶ 139-143). Both new counterclaims seek damages related to Beeqb's consumption of electricity. This motion to dismiss follows.

---

[1] The Counterclaim styles its claim as one for "unjust enrichment." However, though the two terms are used interchangeably, "[r]estitution is a remedy designed to prevent unjust enrichment." <u>Sauner v. Pub. Serv. Auth. of S.C.</u>, 354 S.C. 397, 409, 581 S.E.2d 161, 167 (2003)

## STANDARD OF REVIEW

Rule 12(b)(6) provides for the dismissal of a claim that fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly at 545, 127 S. Ct. at 1959. When considering a motion to dismiss, trial courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944, 92 L. Ed. 2d 209 (1986).

## ANALYSIS

As shown below, all causes of action set forth within BlockQuarry's amended answer and counterclaims should be dismissed for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

### I.    Unjust Enrichment/Restitution

BlockQuarry seeks restitution "to pay for the electric power consumed [by Beeqb]." (Dkt. 23 at ¶ 130) The elements for a claim for restitution are as follows.

> Restitution is a remedy designed to prevent unjust enrichment. To recover on a theory of restitution, the plaintiff must show (1) that he conferred a non-gratuitous benefit on the defendant; (2) that the defendant realized some value from the benefit; and (3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value.

Sauner v. Pub. Serv. Auth. of S.C., 354 S.C. 397, 409, 581 S.E.2d 161, 167 (S.C. 2003) (internal citations omitted). As noted above, BlockQuarry alleges it "unknowingly paid for the electricity consumed by Plaintiff's bitcoin miners" and "unknowingly provided hosting services to Plaintiff". (Dkt. 23, Amended Counterclaim at ¶¶ 123, 128). However, as a matter of law, any such benefit was gratuitous—not "non-gratuitous". As a result, the counterclaim fails to state a claim for which relief may be granted and should be dismissed.

South Carolina law establishes that "not just any benefit conferred meets the first element (of restitution). Rather, the benefit must be non-gratuitous…". Inglese v. Beal, 403 S.C. 290, 298, 742 S.E.2d 687, 691 (S.C. Ct. App. 2013).

> To be conferred nongratuitously, the plaintiff must confer the benefit either "(1) at the defendant's request or (2) in circumstances where the plaintiff reasonably relies on the defendant to pay for the benefit and the defendant understands or ought to understand that the plaintiff expects compensation and looks to him for payment."

Campbell v. Robinson, 398 S.C. 12, 24, 726 S.E.2d 221, 228 (S.C. Ct. App. 2012), quoting Niggel Assocs., Inc. v. Polo's of N. Myrtle Beach, Inc., 296 S.C. 530, 532–33, 374 S.E.2d 507, 509 (S.C. Ct. App. 1988). "It is not enough that the defendant has knowledge of the plaintiff's conduct; he must have induced the plaintiff to confer the benefit." Niggel Assocs., supra. Here, not only did Beeqb have no "knowledge of the [Blockquarry's] conduct," the entities didn't know one another even existed. Blockquarry's third party management company allowed Beeqb to operate bitcoin miners on its site "[w]ithout Blockquarry's knowledge or consent". (Dkt. 23 at ¶ 121) This resulted in Blockquarry "unknowingly [paying] for the electricity consumed by Plaintiff's bitcoin miners" (Dkt. 23 at ¶ 123) and "unknowingly providing hosting services to [Beeqb]". (Dkt. 23 at ¶ 128) As with the parties in Niggel Assocs., any benefit Beeqb received "was an incidental result of dealings between others in which it did not participate and over which it assumed no control." Id. at 533,

374. S.E.2d at 509. As a result, any benefit received by Beeqb was merely gratuitous and the counterclaim for restitution must be dismissed.

## II.    **Conversion**

BlockQuarry alleges that Beeqb converted "the money BlockQuarry paid for Plaintiff's consumption of electricity." (Dkt. 23 at ¶ 134) "'Conversion' is defined as the unauthorized assumption and exercise of the rights of ownership over goods or personal chattels belonging to another, to the alteration of their condition or to the exclusion of the rights of the owner." Mullis v. Trident Emergency Physicians, 351 S.C. 503, 506–07, 570 S.E.2d 549, 550–51 (S.C. Ct. App. 2002) (string citation omitted)

BlockQuarry's counterclaim does not plead that Beeqb ever "assumed and exercised the rights of ownership" over the money Blockquarry claims it is owed. Blockquarry allegedly "paid for the electricity consumed by Plaintiff's bitcoin miners," (Dkt. 15 at ¶ 123) but that money never passed into the hands of Beeqb. To the extent that Beeqb owes BlockQuarry anything for such payments, South Carolina courts observe "there can be no conversion where there is a mere obligation to pay a debt." Owens v. Andrews Bank & Tr. Co., 265 S.C. 490, 497, 220 S.E.2d 116, 119 (S.C. 1975)

> To do so would be equivalent to saying that every unpaid debt carries with it the implication of fraud on the part of the debtor; that the debtor has converted to his own use the money of another or that he has misappropriated that which was always his own.

Dawkins v. Nat'l Liberty Life Ins. Co., 263 F. Supp. 119, 121–22 (D.S.C. 1967), quoting Holland v. Spartanburg-Herald-Journal Co., 166 S.C. 454, 165 S.E. 203 (S.C. 1932). Because BlockQuarry cannot allege that Beeqb ever "assumed and exercised the rights of ownership" of the money it now seeks, its counterclaim for conversion must be dismissed.

### III.     <u>Trespass</u>

BlockQuarry claims that Beeqb trespassed upon its property "by placing its miners on the site and sending its personnel to the site". (Dkt. 23 at ¶ 141) "To state a claim for trespass, a plaintiff must allege facts showing three elements—that the defendant took "an affirmative act," that "the invasion of the land [was] intentional," and that "the harm caused [was] the direct result of that invasion." <u>Johnston v. Anderson Reg'l Landfill, LLC</u>, --- F.Supp.3d ---, 2024 WL 1287202, at *5 (D.S.C. Mar. 26, 2024), <u>quoting</u> <u>Snow v. City of Columbia</u>, 305 S.C. 544, 409 S.E.2d 797, 802 (S.C. Ct. App. 1991).

BlockQuarry's factual pleading does not establish that Beeqb's placement of bitcoin mining machines on the Gaffney Site was an "intentional invasion." To the contrary, the counterclaim alleges that BlockQuarry's third party management company "allowed plaintiff to operate bitcoin miners at the Gaffney Site."[2] (Dkt. 23 at ¶ 121) "The essence of trespass is the unauthorized entry onto the land of another." <u>Ravan v. Greenville Cnty.</u>, 315 S.C. 447, 464, 434 S.E.2d 296, 306 (S.C. Ct. App. 1993). To be liable for trespass, a defendant "must intend the act which constitutes the unwarranted entry on another's land." <u>Snow</u> at 553, 409 S.E.2d at 802. That intent does not exist when a defendant has been "allowed" entry upon the land. For this reason, the trespass counterclaim should be dismissed.

### CONCLUSION

For the reasons stated above, BlockQuarry's counterclaim fails to state a claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

---

[2] BlockQuarry pleads "Bit5ive did not have the agency or authority to allow Plaintiff to access the Gaffney Site." (Dkt. 23 at ¶ 122) Bit5ive's action in allegedly exceeding its authority, however, is not the act of Beeqb.

/s/ Graham L. Newman
Graham L. Newman (S.C. Fed. ID #9746)
CHAPPELL, CHAPPELL & NEWMAN
4500 Fort Jackson Boulevard, Suite 250
Columbia, South Carolina 29209
(803) 233-7050
graham@chappell.law

Evgeny Krasnov
Robert Lynch
BUZKO KRASNOV
228 Park Avenue S
PMB 85451
New York, New York 10003
Evgeny.krasnov@buzko.legal
Filipp.petkevitch@buzko.legal
*Pending Pro Hac Vice Admission*

ATTORNEYS FOR PLAINTIFF