UNITED STATES DISTRICT COURT
DISTRICT OF SOUT H CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| BEEQB, LLC, a Florida Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPLY MEMORANDUM IN SUPPORT** |
| | ) | **OF MOTION TO DISMISS AMENDED** |
| BLOCKQUARRY CORP., f/k/a ISW | ) | **COUNTERCLAIMS OF DEFENDANT** |
| HOLDINGS, INC., a Nevada Corporation, | ) | **BLOCKQUARRY, CORP.** |
| And PANTEHON RESOURCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Beeqb, LLC submits this memorandum in reply to BlockQuarry Corp.'s memorandum in opposition to the motion to dismiss. For the reasons stated herein, the motion to dismiss should be granted.

## I.     Restitution/Unjust Enrichment

The Defendant's counterclaim for restitution and unjust enrichment fails to state a claim upon which relief can be granted because its pleading establishes that BlockQuarry and Beeqb had no knowledge of one another's existence or activities, rendering any benefit conferred upon Beeqb gratuitous.

> For restitution to be warranted, the plaintiff must confer the benefit nongratuitously: that is, it must either be (1) at the defendant's request or (2) in circumstances where the plaintiff reasonably relies on the defendant to pay for the benefit and the defendant understands or ought to understand that the plaintiff expects compensation and looks to him for payment. It is not enough that the defendant has knowledge of the plaintiff's conduct; he must have induced the plaintiff to confer the benefit.

1

Niggel Assocs., Inc. v. Polo's of N. Myrtle Beach, Inc., 296 S.C. 530, 532–33, 374 S.E.2d 507, 509 (S.C. Ct. App. 1988). The counterclaim pleads the following facts pertaining to the relationship between BlockQuarry and Beeqb:

- "Without BlockQuarry's knowledge or consent, Bit5ive and its principal, Robert Collazo ("Collazo") allowed Plaintiff to operate bitcoin miners at the Gaffney Site." (Dkt. 23 at ¶ 121)

- "BlockQuarry **unknowingly** paid for the electricity consumed by Plaintiff's bitcoin miners that operated on the Gaffney site." (Dkt. 23 at ¶ 123)(emphasis added)

- "BlockQuarry conferred a benefit on Plaintiff by **unknowingly** providing hosting services to Plaintiff and facilitated electric power to Plaintiff's bitcoin miners at the Gaffney Site." (Dkt. 23 at ¶ 128)(emphasis added)

The "unknowing" interaction between BlockQuarry and Beeqb renders any benefit conferred upon Beeqb "gratuitous" as it neither "had knowledge of the Plaintiff's conduct" nor "induced the plaintiff to confer the benefit." Id. Rather,"[a]ny benefit it received was an incidental result of dealings between others in which it did not participate and over which it assumed no control." Id. at 533, 374 S.E.2d at 509. Thus, the Court should dismiss the counterclaim for unjust enrichment and restitution.

## II.     Conversion

The Defendant's counterclaim for conversion fails to state a claim upon which relief can be granted because Beeqb never possessed or controlled the money BlockQuarry claims was converted. "'Conversion' is defined as the unauthorized assumption and exercise of the rights of ownership over goods or personal chattels belonging to another, to the alteration of their condition or to the exclusion of the rights of the owner." Mullis v. Trident Emergency Physicians, 351 S.C. 503, 506–07, 570 S.E.2d 549, 550 (S.C. Ct. App. 2002)(string citation omitted). The counterclaim

identifies the money supposedly converted, however, as "the money BlockQuarry paid for Plaintiff's consumption of electricity." (Dkt. 23 at ¶ 134) But the counterclaim does not allege that money was paid to Beeqb nor does it allege Beeqb ever assumed or exercised the right of ownership of such money. Instead, the disputed amount exists merely as a disputed debt.

The District Court orders cited by BlockQuarry's memorandum are instructive. In Coxe v. Gov't Pers. Mut. Life Ins. Co., No. 3:23-CV-389-SAL, 2023 WL 1188597 (D.S.C. Aug. 17, 2023), the Plaintiffs alleged a nonpayment of insurance proceeds constituted a conversion. The Court disagreed and dismissed the claim, noting that "there can be no conversion where there is a mere obligation to pay a debt." Id. at *12, quoting Owens v. Andrews Bank & Tr. Co., 220 S.E.2d 116, 119 (S.C. 1975). In contrast, in May v. Peninger, No. 2:07-CV-00864CWH, 2008 WL 509470 (D.S.C. Feb. 22, 2008), the Plaintiffs invested $657,000 in a scheme perpetrated by the Defendants in which they transferred possession of the funds to the Defendants. The Court found that such a fact pattern sufficiently alleged that "the defendants converted to their own use, enjoyment and benefit, certain assets which are owned and held in trust for the plaintiffs" and denied the motion to dismiss. Id. at *12.

The present case more closely tracks the fact pattern of Coxe than that of May. Here, like in Coxe, the parties dispute monies allegedly owed—not monies transferred to the defendant. Even in Coxe, however, at least insurance premiums had been paid to the defendants. Yet this still was of no assistance to the Plaintiffs. Here, absolutely no transfer of assets has taken place between Beeqb and BlockQuarry, further underscoring the propriety of dismissing BlockQuarry's claim for conversion.

### III.     Trespass

BlockQuarry's trespass counterclaim should be dismissed because Beeqb was permitted to be on the Gaffney Site. The Fourth Circuit recognizes that "consent is a defense to a claim of

trespass. Even consent gained by misrepresentation is sometimes sufficient." Food Lion, Inc. v. Cap. Cities/ABC, Inc., 194 F.3d 505, 517 (4th Cir. 1999)(internal citations omitted). BlockQuarry's counterclaim specifically alleges that it "engaged a third party management company called Bit5ive, LLC ("Bit5ive") to manage day-to-day operations at the Gaffney Site" (Dkt. 23 at ¶ 120) and that Bit5ive, LLC "allowed Plaintiff to operate bitcoin miners at the Gaffney Site." (Dkt. 23 at ¶ 121) The counterclaim contains no allegations that Beeqb's activities on the Gaffney Site exceeded the consent provided to it by BlockQuarry's management company.

BlockQuarry insists that *its* consent—not that of its management company—was required for Beeqb's presence on the Gaffney Site. This argument overlooks the foundational requirement for trespass that "the invasion of the land must be intentional…". Hawkins v. City of Greenville, 358 S.C. 280, 297, 594 S.E.2d 557, 566 (S.C. Ct. App. 2004). Bit5ive's permission to Beeqb, which BlockQuarry's pleadings acknowledge, undermines all allegations that Beeqb committed the intentional tort of trespass. Thus BlockQuarry's counterclaim should be dismissed.

## CONCLUSION

For the reasons stated herein, the Court should grant Beeqb's motion to dismiss in full.

Respectfully submitted,


/s/ Graham L. Newman
Graham L. Newman (S.C. Fed. ID #9746)
CHAPPELL, CHAPPELL & NEWMAN
4500 Fort Jackson Boulevard, Suite 250
Columbia, South Carolina 29209
(803) 233-7050
graham@chappell.law

Evgeny Krasnov
Robert Lynch
BUZKO KRASNOV
228 Park Avenue S
PMB 85451
New York, New York 10003

4

Evgeny.krasnov@buzko.legal
Filipp.petkevitch@buzko.legal
*Pending Pro Hac Vice Admission*

ATTORNEYS FOR PLAINTIFF