**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| BEEQB, LLC, a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLOCKQUARRY CORP. f/k/a ISW HOLDINGS, INC., a Nevada Corporation, PANTHEON RESOURCES, INC., and HYLMEN, LLC,<br><br>Defendants. | Case No. 7:24-cv-03179-TMC<br><br>**DEFENDANT PANTHEON RESOURCES, INC.'S RESPONSE TO AMENDED COMPLAINT** |

NOW COMES Defendant Pantheon Resources, Inc. ("Pantheon"), by and through the undersigned counsel, and responding to Plaintiff's Amended Complaint says as follows:

**GENERAL DENIAL**

Defendant Pantheon denies each and every allegation contained in Plaintiff's Amended Complaint unless specifically admitted, qualified, or explained herein, and demands strict proof thereof:

**NATURE OF ACTION**

1.      Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Amended Complaint and, as such, the allegations are denied.

2.      Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Amended Complaint and, as such, the allegations are denied.

3.      Defendant Pantheon denies the allegations in paragraph 3 of the Amended Complaint as they pertain to this responding Defendant.

4. The allegations in paragraph 4 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

5. Upon information and belief, Defendant Pantheon admits the allegations in paragraph 5 of the Amended Complaint.

6. Upon information and belief, Defendant Pantheon admits the allegations in paragraph 6 of the Amended Complaint.

7. Defendant Pantheon admits that it engages in business relating to data processing centers. Except as expressly admitted herein, the allegations in paragraph 7 of the Amended Complaint are denied.

8. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Amended Complaint and, as such, the allegations are denied.

9. Defendant Pantheon denies that it was, at any time, in wrongful possession of any miners. Defendant Pantheon further admits that it transported cryptocurrency miners from South Carolina to Missouri. Except as expressly admitted herein, the allegations in paragraph 9 of the Amended Complaint are denied.

10. Defendant Pantheon admits that it released certain miners to Plaintiff upon Plaintiff's satisfactorily proving ownership of the same. Except as expressly admitted herein, the allegations in paragraph 10 of the Amended Complaint are denied.

11. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Amended Complaint and, as such, the allegations are denied.

## PARTIES, JURISDICTION AND VENUE

12. Upon information and belief, Defendant Pantheon admits the allegations in paragraph 12 of the Amended Complaint.

13. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Amended Complaint and, as such, the allegations are denied.

14. Defendant Pantheon admits that it is an active Delaware corporation. Except as expressly admitted herein, the allegations in paragraph 14 of the Amended Complaint are denied.

15. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Amended Complaint and, as such, the allegations are denied.

16. The allegations in paragraph 16 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

17. The allegations in paragraph 17 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

18. The allegations in paragraph 18 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

## FACTS

**I.  BEEQB'S HOSTING AND PURCHASE AGREEMENTS WITH UPTIME HOSTING**

19. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Amended Complaint and, as such, the allegations are denied.

20. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Amended Complaint and, as such, the allegations are denied.

21. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Amended Complaint and, as such, the allegations are denied.

22. The allegations in paragraph 22 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

23. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Amended Complaint and, as such, the allegations are denied.

24. The allegations in paragraph 24 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

25. The allegations in paragraph 25 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

26. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Amended Complaint and, as such, the allegations are denied.

27. The allegations in paragraph 27 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

28. The allegations in paragraph 28 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

29. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Amended Complaint and, as such, the allegations are denied.

30. The allegations in paragraph 30 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

## II. BLOCKQUARRY UNLAWFULLY TAKES BEEQB'S EQUIPMENT AND REFUSES TO RETURN IT

31. The allegations in paragraph 31 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

32. The allegations in paragraph 32 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

33. The allegations in paragraph 33 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

34. The allegations in paragraph 34 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

35. The allegations in paragraph 35 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

36. The allegations in paragraph 36 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

37. The allegations in paragraph 37 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

38. The allegations in paragraph 38 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

39. The allegations in paragraph 39 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

40. The allegations in paragraph 40 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

41. The allegations in paragraph 41 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

42. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 of the Amended Complaint and, as such, the allegations are denied.

43. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Amended Complaint and, as such, the allegations are denied.

44. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 of the Amended Complaint and, as such, the allegations are denied.

45. The allegations in paragraph 45 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

46. The allegations in paragraph 46 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

47. Defendant Pantheon admits that it worked with Defendant Hylmen to move miners from South Carolina to Missouri. Except as expressly admitted herein, the allegations in paragraph 47 of the Amended Complaint are denied.

48. Defendant Pantheon denies the allegations in paragraph 48 of the Amended Complaint.

49. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 of the Amended Complaint and, as such, the allegations are denied.

50. Defendant Pantheon admits that it worked with Defendant Hylmen to move miners from South Carolina to Missouri. Except as expressly admitted herein, the allegations in paragraph 50 of the Amended Complaint are denied.

51. Defendant Pantheon denies the allegations in paragraph 51 of the Amended Complaint.

52. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 of the Amended Complaint and, as such, the allegations are denied.

53. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 of the Amended Complaint and, as such, the allegations are denied.

54. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 of the Amended Complaint and, as such, the allegations are denied.

55. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 of the Amended Complaint and, as such, the allegations are denied.

56. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 of the Amended Complaint and, as such, the allegations are denied.

57. The allegations in paragraph 57 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

58. Defendant denies the allegations in paragraph 58 of the Amended Complaint to the extent they are directed at Defendant Pantheon.

59. Defendant denies the allegations in paragraph 59 of the Amended Complaint to the extent they are directed at Defendant Pantheon.

60. Defendant denies the allegations in paragraph 60 of the Amended Complaint to the extent they are directed at Defendant Pantheon.

61. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61 of the Amended Complaint and, as such, the allegations are denied.

62. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62 of the Amended Complaint and, as such, the allegations are denied.

63. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63 of the Amended Complaint and, as such, the allegations are denied.

64. The allegations in paragraph 64 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

65. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 65 of the Amended Complaint and, as such, the allegations are denied.

66. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66 of the Amended Complaint and, as such, the allegations are denied.

67. Defendant denies the allegations in paragraph 67 of the Amended Complaint to the extent they are directed at Defendant Pantheon.

68. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68 of the Amended Complaint and, as such, the allegations are denied.

69. Defendant Pantheon admits that it arranged for Plaintiff to retrieve its miners upon Plaintiff's presentation of proof of its ownership of the same. Except as expressly admitted herein, the allegations in paragraph 69 of the Amended Complaint are denied.

70. Defendant Pantheon admits that Plaintiff retrieved miners from Missouri on or about July 17, 2024. Defendant Pantheon further admits that containers remain at the Missouri

location and that Plaintiff declined to retrieve the same, citing the cost of transport. Except as expressly admitted herein, the allegations in paragraph 70 of the Amended Complaint are denied.

71.  Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71 of the Amended Complaint and, as such, the allegations are denied.

72.  Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72 of the Amended Complaint and, as such, the allegations are denied.

## COUNT I
### Negligence and Gross Negligence of Bailee: As to Defendant Blockquarry

73.  Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 73 of the Amended Complaint and, as such, the allegations are denied.

74.  Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 74 of the Amended Complaint and, as such, the allegations are denied.

75.  The allegations in paragraph 75 of the Amended Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

76.  The allegations in paragraph 76 of the Amended Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

77. The allegations in paragraph 77 of the Amended Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

78. The allegations in paragraph 78 of the Amended Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

79. The allegations in paragraph 79 of the Amended Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

## COUNT II
**Breach of Contract: As to Defendant Blockquarry**

80. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 80 of the Amended Complaint and, as such, the allegations are denied.

81. The allegations in paragraph 81 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

82. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82 of the Amended Complaint and, as such, the allegations are denied.

83. The allegations in paragraph 83 of the Amended Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

84. The allegations in paragraph 84 of the Amended Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

85. The allegations in paragraph 85 of the Amended Complaint are not directed at Defendant Pantheon and, as such, no response is required. To the extent that a response is required, the allegations are denied.

## COUNT III
### Conversion: As to All Defendants

86. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 86 of the Amended Complaint and, as such, the allegations are denied.

87. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 87 of the Amended Complaint and, as such, the allegations are denied.

88. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 88 of the Amended Complaint and, as such, the allegations are denied.

89. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 89 of the Amended Complaint and, as such, the allegations are denied.

90. Defendant denies the allegations in paragraph 90 of the Amended Complaint to the extent they are directed at Defendant Pantheon.

91. Defendant denies the allegations in paragraph 91 of the Amended Complaint to the extent they are directed at Defendant Pantheon.

92. Defendant denies the allegations in paragraph 92 of the Amended Complaint to the extent they are directed at Defendant Pantheon.

93. Defendant Pantheon denies the allegations in paragraph 93 to the extent they are directed at Defendant Pantheon.

## COUNT IV
**Restitution for Unjust Enrichment: As to All Defendants**

94. Defendant Pantheon admits it does not own Plaintiff's equipment. Except as expressly admitted herein, the allegations in paragraph 94 of the Amended Complaint are denied.

95. Defendant Pantheon denies the allegations in paragraph 95 to the extent they are directed at Defendant Pantheon.

96. Defendant Pantheon denies the allegations in paragraph 96 to the extent they are directed at Defendant Pantheon.

97. Defendant Pantheon denies the allegations in paragraph 97 to the extent they are directed at Defendant Pantheon.

98. Defendant Pantheon denies the allegations in paragraph 98 to the extent they are directed at Defendant Pantheon.

99. Defendant Pantheon denies the allegations in paragraph 99 to the extent they are directed at Defendant Pantheon.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute(s) of limitations.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by its own acts and/or omissions.

**THIRD AFFIRMATIVE DEFENSE**

Defendant Pantheon reserves the right to assert additional affirmative defenses as they become known through the discovery process.

WHEREFORE, Defendant Pantheon Resources, Inc. prays unto this Court as follows:

1. That Plaintiff be awarded no damages for any of its Claims for Relief;

2. That the costs of this action, including reasonable attorney's fees, be taxed against the Plaintiff; and,

3. Any such other or further relief that this Court deems just and proper.

Dated:   This 27th day of November, 2024.

Respectfully submitted,

*/s/ Trent M. Grissom*
Trent M. Grissom (Federal Bar No. 10671)
MCGRATH & SPIELBERGER, PLLC
7300 Carmel Executive Park Drive, Suite 300
Charlotte, NC  28226
Telephone: (704) 271-5000
trent@mcgrathspielberger.com
*Attorney for Defendant Pantheon Resources, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendant Pantheon Resources, Inc.'s Response to Amended Complaint has been submitted via the electronic filing system and thus has been served on all Parties via its/their attorney of record as follows:

Graham L. Newman
**CHAPPELL, CHAPPELL & NEWMAN**
4500 Fort Jackson Blvd, Suite 250
Columbia, SC 29209
graham@chappell.law
*Attorneys for Plaintiff*


Andrew A. Mathias
**Maynard Nexsen**
104 South Main Street, Suite 900
Greenville, SC 29601
amathias@maynardnexsen.com
*Attorneys for Defendant Blockquarry Corp*


Trent M. Grissom
**McGrath & Spielberger, PLLC**
7300 Carmel Executive Park Dr., Suite 300
Charlotte, NC 28226
trent@mcgrathspielberger.com
*Attorneys for Defendant Hylmen, LLC*

This 27th day of November, 2024.

                                       */s/ Trent M. Grissom*
                                       Trent M. Grissom (Federal Bar No. 10671)
                                       MCGRATH & SPIELBERGER, PLLC
                                       7300 Carmel Executive Park Drive
                                       Charlotte, NC  28226
                                       Telephone: (704) 271-5000
                                       trent@mcgrathspielberger.com
                                       *Attorney for Defendant Pantheon Resources, Inc.*