# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| BEEQB, LLC, | Civil Action No. 7:24-cv-03179-TMC |
| Plaintiff, | |
| vs. | **BLOCKQUARRY CORP. f/k/a ISW HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| BLOCKQUARRY CORP. f/k/a ISW HOLDINGS, INC., PANTHEON RESOURCES, INC., and HYLMEN, LLC, | |
| Defendants. | |

Defendant Blockquarry Corp., f/k/a ISW Holdings, Inc. ("Blockquarry") hereby responds to Plaintiff Beeqb, LLC's ("Plaintiff" or "Beeqb") Amended Complaint. Except as hereinafter specifically admitted, each and every allegation of Plaintiff's Amended Complaint is denied.[1]

**FOR A FIRST DEFENSE**
**(General Denial)**

**NATURE OF ACTION**

1. Blockquarry denies the allegations of Paragraph 1.

2. Blockquarry denies the allegations of Paragraph 2.

3. Blockquarry denies the allegations of Paragraph 3.

4. Blockquarry denies the allegations of Paragraph 4.

5. Upon information and belief, Blockquarry admits the allegations of Paragraph 5.

6. Blockquarry admits the allegations of Paragraph 6.

7. Upon information and belief, Blockquarry admits the allegations of Paragraph 7.

---

[1] Blockquarry has raised counterclaims against Plaintiff in this case. (ECF No. 23.) Blockquarry has not amended its counterclaims, and therefore, does not restate them in this Answer to Plaintiff's Amended Complaint. Blockquarry has not dismissed its counterclaims and continues to pursue them in this case.

8. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 8, and on that basis, denies the same.

9. In response to Paragraph 9, Blockquarry denies that it had wrongful possession, custody, and control of Beeqb's cryptocurrency mining machine computers ("Miners") from November 30, 2023 to July 18, 2024. Blockquarry is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 9, and on that basis, deny the same.

10. Upon information and belief, Blockquarry admits the allegations of Paragraph 10.

11. To the extent a response is deemed required to Paragraph 11, Blockquarry denies that Plaintiff is entitled to the relief sought in this action.

## PARTIES, JURISDICTION AND VENUE

12. Upon information and belief, Blockquarry admits the allegations of Paragraph 12.

13. In response to Paragraph 13, Blockquarry admits that it is an active Nevada corporation with its principal place of business in Houston, Texas, that it was registered as a foreign corporation in South Carolina on February 15, 2022 with the Entity ID No. 01197527, and that it was authorized to transact business in South Carolina. Blockquarry denies that its principal place of business is located at 8300 FM 1960 West, Houston, Texas 77070. In response to the remaining allegations contained in Paragraph 13, Blockquarry craves reference to the records of the South Carolina Secretary of State, and denies any allegations inconsistent therewith.

14. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 14, and on that basis, denies the same.

15. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15, and on that basis, denies the same.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is deemed required, Blockquarry does not contest the Court's subject matter jurisdiction in this action at this time.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is deemed required, Blockquarry does not contest the Court's personal jurisdiction in this action.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is deemed required, Blockquarry does not contest venue in this action.

## FACTS

### I. BEEQB'S HOSTING AND PURCHASE AGREEMENTS WITH UPTIME HOSTING

19. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 19, and on that basis, denies the same.

20. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20, and on that basis, denies the same.

21. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 21, and on that basis, denies the same.

22. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 22, and on that basis, denies the same.

23. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 23, and on that basis, denies the same.

24. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 24, and on that basis, denies the same.

25. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 25, and on that basis, denies the same.

26. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 26, and on that basis, denies the same.

27. In response to Paragraph 27, Blockquarry craves reference to the Hosting Agreement and denies any allegations inconsistent therewith.

28. In response to Paragraph 28, Blockquarry craves reference to the Hosting Agreement and denies any allegations inconsistent therewith.

29. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 29, and on that basis, denies the same.

30. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 30, and on that basis, denies the same.

II. **BLOCKQUARRY UNLAWFULLY TAKES BEEQB'S EQUIPMENT AND REFUSES TO RETURN IT**

31. In response to Paragraph 31, Blockquarry admits only that it was engaged in a lawsuit against Gaffney Board of Public Works and Litchain Corp., Civil Action No. 7:23-cv-01427-TMC, which was filed on April 7, 2023 (the "Litchain Litigation"). In response to the remaining allegations contained in Paragraph 31, Blockquarry craves reference to the Complaint in the Litchain Litigation and denies all allegations inconsistent therewith. Blockquarry denies the remaining allegations contained in Paragraph 31, and specifically denies that it held itself out as the bailee of Plaintiff's property or that any court made the legal conclusion that Blockquarry was the "bailee" of personal property located at the Gaffney Facility.

32. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 32, and on that basis, denies the same.

4

33. In response to Paragraph 33, Blockquarry craves reference to the Joint Stipulation of Dismissal, and denies any allegations inconsistent therewith.

34. Blockquarry denies the allegations of Paragraph 34.

35. In response to Paragraph 35, Blockquarry craves reference to the referenced email communications and denies any allegations inconsistent therewith.

36. In response to Paragraph 36, Blockquarry craves reference to the referenced email exchange and denies any allegations inconsistent therewith.

37. In response to Paragraph 37, Blockquarry craves reference to the referenced email communications and denies any allegations inconsistent therewith.

38. In response to the first sentence of Paragraph 38, Blockquarry admits only that the identified time period passed without additional developments from Blockquarry, and denies all remaining allegations contained in the first sentence of Paragraph 38. In response to the second and third sentences of Paragraph 38, Blockquarry craves reference to the referenced December 20, 2023 letter and denies any allegations inconsistent therewith.

39. In response to Paragraph 39, Blockquarry craves reference to Blockquarry's Response to Motion for Partial Default Judgment Filed by Gaffney Board of Public Works and denies any allegations inconsistent therewith.

40. In response to Paragraph 40, Blockquarry craves reference to its January 24, 2024 letter and denies any allegations inconsistent therewith.

41. In response to Paragraph 41, Blockquarry craves reference to the referenced communication and documents and denies any allegations inconsistent therewith.

42. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 42, and on that basis, denies the same.

43. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 43, and on that basis, denies the same.

44. In response to Paragraph 44, Blockquarry only admits that it and Plaintiff have never entered into a contract. Blockquarry denies the remaining allegations contained in Paragraph 44, and specifically denies that Plaintiff owes no payment to Blockquarry.

45. In response to Paragraph 45, Blockquarry craves reference to the referenced communication and documents and denies any allegations inconsistent therewith.

46. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 46, and on that basis, denies the same.

47. Upon information and belief, Blockquarry admits the allegations of Paragraph 47.

48. Upon information and belief, Blockquarry admits the allegations of Paragraph 48.

49. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 49, and on that basis, denies the same.

50. In response to Paragraph 50, Blockquarry craves reference to the referenced amended complaint and denies any allegations inconsistent therewith. However, Blockquarry is without knowledge or information sufficient to admit or deny the truth of the underlying allegations contained in Paragraph 50, and on that basis, denies the same.

51. Blockquarry denies the allegations contained in the first sentence of Paragraph 51. In response to the second sentence of Paragraph 51, Blockquarry is without knowledge or information sufficient to admit or deny the allegations concerning Pantheon's intent, and on that basis, denies the same.

52. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 52, and on that basis, denies the same.

53. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 53, and on that basis, denies the same.

54. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 54, and on that basis, denies the same.

55. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 55, and on that basis, denies the same.

56. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 56, and on that basis, denies the same.

57. In response to Paragraph 57, Blockquarry craves reference to the referenced email communications and denies any allegations inconsistent therewith. Blockquarry is without knowledge or information sufficient to admit or deny the allegations concerning Plaintiff's knowledge, and on that basis, denies the same.

58. Blockquarry denies the allegations contained in Paragraph 58 and specifically denies any implication that Blockquarry has "wrongfully retained" or sold property belonging to Plaintiff.

59. Blockquarry denies the allegations of Paragraph 59.

60. Paragraph 60 contains legal conclusions to which no response is required. To the extent a response is deemed required, Blockquarry denies the allegations of Paragraph 60.

61. In response to Paragraph 61, Blockquarry admits only that entities called Crypto Infiniti LLC and Bitmain Technologies Georgia Limited moved to intervene in the Litchain Litigation. Blockquarry is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 61, and on that basis, denies the same.

62.     In response to Paragraph 62, Blockquarry is without knowledge or information sufficient to admit or deny the allegation that Plaintiff's counsel was preparing intervention papers, and on that basis, denies the same. Blockquarry admits the remaining allegations contained in Paragraph 62.

63.     Blockquarry admits the allegations contained in Paragraph 63.

64.     Blockquarry admits the allegations contained in Paragraph 64.

65.     Blockquarry admits the allegations contained in Paragraph 65.

66.     In response to Paragraph 66, Blockquarry is without knowledge or information sufficient to admit or deny the characterization of Plaintiff's expectations, and on that basis, denies the same.  Blockquarry denies the remaining allegations contained in Paragraph 66.

67.     Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 67, and on that basis, denies the same.

68.     To the extent a response to Paragraph 68 is deemed required, Blockquarry denies the allegations of Paragraph 68.

69.     Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 69, and on that basis, denies the same.

70.     Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 70, and on that basis, denies the same.

71.     Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 71, and on that basis, denies the same.

72.     To the extent a response to Paragraph 72 is deemed required, Blockquarry denies the allegations of Paragraph 72.

## COUNT I
### Negligence and Gross Negligence of Bailee: As to Defendant Blockquarry

73. Blockquarry denies the allegations of Paragraph 73.

74. Blockquarry denies the allegations of Paragraph 74.

75. Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is deemed required, Blockquarry denies the allegations of Paragraph 75.

76. Blockquarry denies the allegations of Paragraph 76.

77. Blockquarry denies the allegations of Paragraph 77.

78. Blockquarry denies the allegations of Paragraph 78.

79. Blockquarry denies the allegations of Paragraph 79, and specifically denies that Plaintiff is entitled to any of the relief requested therein.

## COUNT II
### Breach of Contract: As to Defendant Blockquarry

80. In response to Paragraph 80, Blockquarry admits that it entered into a settlement agreement with Gaffney Board of Public Works (the "Settlement Agreement"), but denies that the agreement was entered into on November 2, 2023.

81. Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is deemed required, Blockquarry does not contest the enforceability of the Settlement Agreement.

82. In response to Paragraph 82, at this time, Blockquarry admits only that it is currently unaware of any bad faith or non-performance by Gaffney Board of Public Works under the Settlement Agreement, and denies any remaining allegations contained in Paragraph 82.

83. Blockquarry denies the allegations of Paragraph 83.

84. Blockquarry denies the allegations of Paragraph 84.

85. Blockquarry denies the allegations of Paragraph 85.

## COUNT III
### Conversion: As to All Defendants

86. Blockquarry denies the allegations of Paragraph 86.

87. Blockquarry denies the allegations of Paragraph 87.

88. Blockquarry denies the allegations of Paragraph 88.

89. Blockquarry denies the allegations of Paragraph 89.

90. Blockquarry denies the allegations of Paragraph 90.

91. Blockquarry denies the allegations of Paragraph 91.

92. Blockquarry denies the allegations of Paragraph 92.

93. Blockquarry denies the allegations of Paragraph 93, and specifically denies that Plaintiff is entitled to any of the relief requested therein.

## COUNT IV
### Restitution for Unjust Enrichment: As to All Defendants

94. Blockquarry denies the allegations of Paragraph 94.

95. In response to the allegations of Paragraph 95 concerning Blockquarry, Blockquarry denies the allegations of Paragraph 95. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 95 concerning Defendants Pantheon or Hylmen, and on that basis, denies the same.

96. Blockquarry denies the allegations of Paragraph 96.

97. In response to the allegations of Paragraph 97 concerning Blockquarry, Blockquarry denies the allegations of Paragraph 97. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 97 concerning Defendants Pantheon or Hylmen, and on that basis, denies the same.

98. Blockquarry denies the allegations of Paragraph 98.

99. Blockquarry denies the allegations of Paragraph 99.

100. Blockquarry denies that Plaintiff is entitled to any of the relief set forth in the unnumbered WHEREFORE paragraph following Paragraph 99.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to Plaintiff's Amended Complaint, Blockquarry hereby raises, asserts, and preserves the following affirmative and other defenses. By pleading the following as affirmative defenses, Blockquarry does not concede that it bears the burden to establish the factual bases therefor and does not intend to shift the burden of proof under applicable law or otherwise relieve Plaintiff of any burden to establish the elements of its prima facie case.

## FOR A SECOND DEFENSE
### (Failure to State a Claim)

101. Plaintiff's claims fail to state facts sufficient to constitute a cause of action for which relief can be granted and, therefore, must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Failure to Mitigate Damages)

102. Without admitting that Plaintiff has suffered any damages whatsoever, Blockquarry would show that Plaintiff has failed to mitigate its alleged damages, and therefore, cannot recover against Blockquarry.

## FOR A FOURTH DEFENSE
### (Acts of Others)

103. Plaintiff's damages, if any, were caused by the acts or omissions of other persons or entities for which Blockquarry is not liable or responsible. In the event Blockquarry is found liable to Plaintiff, which liability Blockquarry expressly denies, Blockquarry is entitled to

indemnification, contribution, or apportionment of liability or fault pursuant to applicable law.

## FOR A FIFTH DEFENSE
### (Good Faith)

104.    Plaintiff's claims are barred, in whole or in part, because Blockquarry acted lawfully and in good faith at all relevant times, and has not violated any statutory or legal right of Plaintiff.

## FOR A SIXTH DEFENSE
### (Set Off)

105.    An award, judgment, or decision rendered in favor of Plaintiff must be reduced or set off by the amounts Plaintiff owes Blockquarry.

## FOR A SEVENTH DEFENSE
### (Comparative Negligence)

106.    Plaintiff is unable to recover on its negligence claims because its fault exceeds the fault (if any) of Blockquarry.

## FOR AN EIGHTH DEFENSE
### (No Proximate Cause or Causation)

107.    Plaintiff's negligence claims fail, in whole or in part, because Plaintiff cannot prove that any damages allegedly suffered by Plaintiff proximately resulted from the breach of a duty Blockquarry allegedly owed to Plaintiff.

## FOR A NINTH DEFENSE
### (Limitation on Punitive Damages)

108.    Plaintiff's claims for punitive damages are barred because Plaintiff cannot prove that Blockquarry has acted or failed to act in a willful or reckless manner that entitles Plaintiff to recover punitive damages.

109.    Plaintiff's claim for punitive damages is also barred by the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, the South

Carolina Constitution, and the excessive fines clause of the Eighth Amendment to the United States Constitution, pursuant to *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

110. Finally, Plaintiff's claims for punitive damages are further limited by applicable statutory and common law regarding limitations of awards and caps on recovery pursuant to S.C. Code Ann. § 15-32-530 and any other applicable statutory caps.

**FOR A TENTH DEFENSE**
**(Damages Limitation)**

111. Plaintiff's claims are barred, reduced, or limited pursuant to the applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

**FOR AN ELEVENTH DEFENSE**
**(No Breach)**

112. Plaintiff's contract claim is barred because Plaintiff cannot establish that Blockquarry breached any contract with Plaintiff.

**FOR A TWELFTH DEFENSE**
**(No Third Party Beneficiary Status)**

113. Plaintiff's contract claim is barred because Plaintiff cannot establish that Plaintiff is a third party beneficiary of the Settlement Agreement.

**FOR A THIRTEENTH DEFENSE**
**(Equitable Defenses)**

114. Blockquarry would show that Plaintiff's claims are barred under principles of waiver, estoppel, accord and satisfaction, and/or laches.

## FOR A FOURTEENTH DEFENSE
### (Unclean Hands)

115. Blockquarry would show that some or all of Plaintiff's claims are barred by the doctrine of unclean hands, which holds that a party may not recover in equity if it acted unfairly in the matter that is the subject of the litigation to the prejudice of the opposing party.

## FOR A FIFTEENTH DEFENSE
### (Justification)

116. Even if Blockquarry breached any contract or committed any tort, which it expressly denies, Blockquarry had proper justification for doing so, and therefore, some or all of Plaintiff's claims must fail.

## FOR A SIXTEENTH DEFENSE
### (Lack of Privity)

117. There is no privity of contract between Plaintiff and Blockquarry because Plaintiff is not a party to the Settlement Agreement. As noted in Plaintiff's Amended Complaint, "Beeqb has never entered into a contract with Blockquarry." (Am. Compl. ¶ 44.) Therefore, Plaintiff's breach of contract claim fails.

## FOR A SEVENTEENTH DEFENSE
### (No Refusal)

118. Plaintiff's claim for conversion fails because Plaintiff cannot establish that Blockquarry has refused to return any bitcoin miners that belong to Plaintiff.

## RESERVATION OF RIGHTS

119. Blockquarry hereby gives notice that it may rely upon other applicable defenses of which it becomes aware during discovery in this case and hereby reserves the right to amend this Answer to assert any such defenses.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Blockquarry respectfully requests the following relief:

A. Judgment against Plaintiff on Blockquarry's Counterclaims (*see* ECF No. 23), judgment in favor of Blockquarry on Plaintiff's claims, and the dismissal with prejudice of Plaintiff's claims; and

B. An award of actual, direct, special, incidental, and consequential damages, pre- and post-judgment interest, and attorneys' fees and costs; and

C. Any such other relief that the Court deems just and proper.

Respectfully submitted,

**MAYNARD NEXSEN PC**

s/ *Andrew A. Mathias*
_____
Andrew A. Mathias, Fed. ID No. 10166
Konstantine P. Diamaduros, Fed. ID No. 12368
Elizabeth C. Edmondson, Fed. ID No. 13208
104 S. Main Street, Suite 900 (29601)
Post Office Drawer 10648
Greenville, South Carolina 29603
Phone:  864.370.2211
Fax:  864.477.2617
AMathias@maynardnexsen.com
KDiamaduros@maynardnexsen.com
EEdmondson@maynardnexsen.com

November 27, 2024
Greenville, South Carolina

*Attorneys for Defendant Blockquarry Corp. f/k/a ISW Holdings, Inc.*