# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| BEEQB, LLC, a Florida corporation,<br><br>   Plaintiff,<br><br>v.<br><br>BLOCKQUARRY CORP. f/k/a ISW HOLDINGS, INC., a Nevada Corporation, PANTHEON RESOURCES, INC., and HYLMEN, LLC,<br><br>   Defendants. | Case No. 7:24-cv-03179-TMC<br><br>**DEFENDANT HYLMEN, LLC'S RESPONSE TO AMENDED COMPLAINT** |

NOW COMES Defendant Hylmen, LLC ("Hylmen"), by and through the undersigned counsel, and responding to Plaintiff's Amended Complaint says as follows:

## GENERAL DENIAL

Defendant Hylmen denies each and every allegation contained in Plaintiff's Amended Complaint unless specifically admitted, qualified, or explained herein, and demands strict proof thereof:

## NATURE OF ACTION

1. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Amended Complaint and, as such, the allegations are denied.

2. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Amended Complaint and, as such, the allegations are denied.

3. Defendant Hylmen denies the allegations in paragraph 3 of the Amended Complaint as they pertain to this responding Defendant.

4.     The allegations in paragraph 4 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

5.     Upon information and belief, Defendant Hylmen admits the allegations in paragraph 5 of the Amended Complaint.

6.     Upon information and belief, Defendant Hylmen admits the allegations in paragraph 6 of the Amended Complaint.

7.     Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Amended Complaint and, as such, the allegations are denied

8.     The allegations in paragraph 8 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations are inconsistent with the writing, they are denied.

9.     Defendant Hylmen denies that it was, at any time, in wrongful possession of any miners. Defendant Hylmen further admits that it transported cryptocurrency miners from South Carolina to Missouri. Except as expressly admitted herein, the allegations in paragraph 9 of the Amended Complaint are denied.

10.    Upon information and belief, Defendant Hylmen admits the allegations in paragraph 10 of the Amended Complaint.

11.    Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Amended Complaint and, as such, the allegations are denied.

## PARTIES, JURISDICTION AND VENUE

12. Upon information and belief, Defendant Hylmen admits the allegations in paragraph 12 of the Amended Complaint.

13. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Amended Complaint and, as such, the allegations are denied.

14. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Amended Complaint and, as such, the allegations are denied.

15. Defendant Hylmen admits the allegations in paragraph 15 of the Amended Complaint.

16. The allegations in paragraph 16 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

17. The allegations in paragraph 17 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

18. The allegations in paragraph 18 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

## FACTS

**I.  BEEQB'S HOSTING AND PURCHASE AGREEMENTS WITH UPTIME HOSTING**

19. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Amended Complaint and, as such, the allegations are denied.

20. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Amended Complaint and, as such, the allegations are denied.

21. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Amended Complaint and, as such, the allegations are denied.

22. The allegations in paragraph 22 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

23. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Amended Complaint and, as such, the allegations are denied.

24. The allegations in paragraph 24 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

25. The allegations in paragraph 25 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

26. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Amended Complaint and, as such, the allegations are denied.

27. The allegations in paragraph 27 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

28. The allegations in paragraph 28 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

29. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Amended Complaint and, as such, the allegations are denied.

30. The allegations in paragraph 30 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

## II. BLOCKQUARRY UNLAWFULLY TAKES BEEQB'S EQUIPMENT AND REFUSES TO RETURN IT

31. The allegations in paragraph 31 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

32. The allegations in paragraph 32 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

33. The allegations in paragraph 33 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

34. The allegations in paragraph 34 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

35. The allegations in paragraph 35 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

36. The allegations in paragraph 36 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

37. The allegations in paragraph 37 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

38. The allegations in paragraph 38 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

39. The allegations in paragraph 39 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

40. The allegations in paragraph 40 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

41. The allegations in paragraph 41 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

42. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 of the Amended Complaint and, as such, the allegations are denied.

43. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Amended Complaint and, as such, the allegations are denied.

44. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 of the Amended Complaint and, as such, the allegations are denied.

45. The allegations in paragraph 45 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

46. The allegations in paragraph 46 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

47. Defendant Hylmen admits that it worked with Defendant Pantheon to move miners from South Carolina to Missouri. Except as expressly admitted herein, the allegations in paragraph 47 of the Amended Complaint are denied.

48. Defendant Hylmen denies the allegations in paragraph 48 of the Amended Complaint.

49. Defendant Hylmen admits the allegations in paragraph 49 of the Amended Complaint.

50. Defendant Hylmen admits that it worked with Defendant Pantheon to move miners from South Carolina to Missouri. Except as expressly admitted herein, the allegations in paragraph 50 of the Amended Complaint are denied.

51. The allegations in paragraph 51 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

52. Defendant Hylmen denies the allegations in paragraph 52 of the Amended Complaint.

53. Defendant Hylmen denies the allegations in paragraph 53 of the Amended Complaint.

54. Defendant Hylmen admits that it has not paid Beeqb for equipment. Except as admitted herein, the allegations in paragraph 54 of the Amended Complaint are denied.

55. Defendant Hylmen admits that it does not own Plaintiff's equipment. Except as admitted herein, the allegations in paragraph 55 of the Amended Complaint are denied.

56. Defendant Hylmen admits that Plaintiff does owe it any money for "debt obligations". Except as admitted herein, the allegations in paragraph 56 of the Amended Complaint are denied.

57. The allegations in paragraph 57 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

58. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58 of the Amended Complaint and, as such, the allegations are denied.

59. Defendant denies the allegations in paragraph 59 of the Amended Complaint to the extent they are directed at Defendant Hylmen.

60. Defendant denies the allegations in paragraph 60 of the Amended Complaint to the extent they are directed at Defendant Hylmen.

61. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61 of the Amended Complaint and, as such, the allegations are denied.

62. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62 of the Amended Complaint and, as such, the allegations are denied.

63. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63 of the Amended Complaint and, as such, the allegations are denied.

64. The allegations in paragraph 64 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

65. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 65 of the Amended Complaint and, as such, the allegations are denied.

66. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66 of the Amended Complaint and, as such, the allegations are denied.

67. Defendant denies the allegations in paragraph 67 of the Amended Complaint to the extent they are directed at Defendant Hylmen.

68. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68 of the Amended Complaint and, as such, the allegations are denied.

69. Defendant Hylmen admits that Plaintiff retrieved certain miners from a location in the state of Missouri. Except as expressly admitted herein, the allegations in paragraph 69 of the Amended Complaint are denied

70. Defendant Hylmen admits that Plaintiff retrieved miners from Missouri on or about July 17, 2024. Defendant Hylmen further admits that containers remain at the Missouri location and that Plaintiff declined to retrieve the same, citing the cost of transport. Except as expressly admitted herein, the allegations in paragraph 70 of the Amended Complaint are denied.

71. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71 of the Amended Complaint and, as such, the allegations are denied.

72. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72 of the Amended Complaint and, as such, the allegations are denied.

## COUNT I
### Negligence and Gross Negligence of Bailee: As to Defendant Blockquarry

73. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 73 of the Amended Complaint and, as such, the allegations are denied.

74. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 74 of the Amended Complaint and, as such, the allegations are denied.

75. The allegations in paragraph 75 of the Amended Complaint are not directed at Defendant Hylmen and, as such, no response is required. To the extent that a response is required, the allegations are denied.

76. The allegations in paragraph 76 of the Amended Complaint are not directed at Defendant Hylmen and, as such, no response is required. To the extent that a response is required, the allegations are denied.

77. The allegations in paragraph 77 of the Amended Complaint are not directed at Defendant Hylmen and, as such, no response is required. To the extent that a response is required, the allegations are denied.

78. The allegations in paragraph 78 of the Amended Complaint are not directed at Defendant Hylmen and, as such, no response is required. To the extent that a response is required, the allegations are denied.

79. The allegations in paragraph 79 of the Amended Complaint are not directed at Defendant Hylmen and, as such, no response is required. To the extent that a response is required, the allegations are denied.

## COUNT II
### Breach of Contract: As to Defendant Blockquarry

80. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 80 of the Amended Complaint and, as such, the allegations are denied.

81. The allegations in paragraph 81 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

82. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82 of the Amended Complaint and, as such, the allegations are denied.

83. The allegations in paragraph 83 of the Amended Complaint are not directed at Defendant Hylmen and, as such, no response is required. To the extent that a response is required, the allegations are denied.

84. The allegations in paragraph 84 of the Amended Complaint are not directed at Defendant Hylmen and, as such, no response is required. To the extent that a response is required, the allegations are denied.

85. The allegations in paragraph 85 of the Amended Complaint are not directed at Defendant Hylmen and, as such, no response is required. To the extent that a response is required, the allegations are denied.

### COUNT III
**Conversion: As to All Defendants**

86. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 86 of the Amended Complaint and, as such, the allegations are denied.

87. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 87 of the Amended Complaint and, as such, the allegations are denied.

88. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 88 of the Amended Complaint and, as such, the allegations are denied.

89. Defendant Hylmen is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 89 of the Amended Complaint and, as such, the allegations are denied.

90. Defendant denies the allegations in paragraph 90 of the Amended Complaint to the extent they are directed at Defendant Hylmen.

91. Defendant denies the allegations in paragraph 91 of the Amended Complaint to the extent they are directed at Defendant Hylmen.

92. Defendant denies the allegations in paragraph 92 of the Amended Complaint to the extent they are directed at Defendant Hylmen.

93. Defendant Hylmen denies the allegations in paragraph 93 to the extent they are directed at Defendant Hylmen.

## COUNT IV
### Restitution for Unjust Enrichment: As to All Defendants

94. Defendant Hylmen admits it does not own Plaintiff's equipment. Except as expressly admitted herein, the allegations in paragraph 94 of the Amended Complaint are denied.

95. Defendant Hylmen denies the allegations in paragraph 95 to the extent they are directed at Defendant Hylmen.

96. Defendant Hylmen denies the allegations in paragraph 96 to the extent they are directed at Defendant Hylmen.

97. Defendant Hylmen denies the allegations in paragraph 97 to the extent they are directed at Defendant Hylmen.

98. Defendant Hylmen denies the allegations in paragraph 98 to the extent they are directed at Defendant Hylmen.

99. Defendant Hylmen denies the allegations in paragraph 99 to the extent they are directed at Defendant Hylmen.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own acts and/or omissions.

### THIRD AFFIRMATIVE DEFENSE

Defendant Hylmen reserves the right to assert additional affirmative defenses as they become known through the discovery process.

WHEREFORE, Defendant Hylmen, LLC. prays unto this Court as follows:

1. That Plaintiff be awarded no damages for any of its Claims for Relief;

2. That the costs of this action, including reasonable attorney's fees, be taxed against the Plaintiff; and,

3. Any such other or further relief that this Court deems just and proper.

Dated: This 3rd day of December 2024.

                Respectfully submitted,

                */s/ Trent M. Grissom*
                Trent M. Grissom (Federal Bar No. 10671)
                MCGRATH & SPIELBERGER, PLLC
                7300 Carmel Executive Park Drive, Suite 300
                Charlotte, NC 28226
                Telephone: (704) 271-5000
                trent@mcgrathspielberger.com
                *Attorneys for Defendant Hylmen, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendant Hylmen, LLC's Response to Amended Complaint has been submitted via the electronic filing system and thus has been served on all Parties via its/their attorney of record as follows:

Graham L. Newman
**CHAPPELL, CHAPPELL & NEWMAN**
4500 Fort Jackson Blvd, Suite 250
Columbia, SC 29209
graham@chappell.law
*Attorneys for Plaintiff*

Andrew A. Mathias
**Maynard Nexsen**
104 South Main Street, Suite 900
Greenville, SC 29601
amathias@maynardnexsen.com
*Attorneys for Defendant Blockquarry Corp*

Trent M. Grissom
**McGrath & Spielberger, PLLC**
7300 Carmel Executive Park Dr., Suite 300
Charlotte, NC 28226
trent@mcgrathspielberger.com
*Attorneys for Defendant Hylmen Resources, Inc.*

This 3rd day of December 2024.

> */s/ Trent M. Grissom*
> Trent M. Grissom (Federal Bar No. 10671)
> MCGRATH & SPIELBERGER, PLLC
> 7300 Carmel Executive Park Drive, Suite 300
> Charlotte, NC  28226
> Telephone: (704) 271-5000
> trent@mcgrathspielberger.com
> *Attorneys for Defendant Hylmen, LLC*